■ In the Matter of CAITLIN H., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PEGGY M-H, Appellant. [732 NYS2d 84] —In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of Peggy M-H on the basis of permanent neglect, the appeal is from an order of disposition of the Family Court, Orange County (Klein, J.), dated October 6, 2000, which, after a hearing, and upon a finding that the mother was in violation of the terms and conditions of a suspended judgment of the same court dated February 22, 2000, terminated her parental rights, and committed the child to the custody of the Commissioner of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

There is no merit to the mother's contention that she was entitled to a dispositional hearing after the Department of Social Services (hereinafter the DSS) proved by overwhelming evidence at a hearing held on October 5, 2000, that she was in violation of many of the conditions of a suspended judgment. The suspended judgment was issued following a hearing on February 8, 2000, during which the mother admitted to the permanent neglect of Caitlin H. Parental rights may be terminated outright where, as here, the DSS proves by a mere preponderance of the evidence that a permanent neglect suspended judgment has been violated (*see, Matter of Brendan A.,* 278 AD2d 784; *Matter of Alka H.,* 278 AD2d 326; *Matter of Sabrieal A.,* 255 AD2d 511; *Matter of Torrien Matthew McK.,* 253 AD2d 522; *Matter of Patricia O.,* 175 AD2d 870).

There is no merit to the mother's contention that she was denied the effective assistance of counsel because her attorney did not demand a dispositional hearing. Since the mother was not entitled to such a hearing, counsel cannot be faulted for failing to demand one (*see, Matter of Anthony OO.,* 258 AD2d 788; *cf., People v Rodriguez,* 111 AD2d 524; *People v Tommaselli,* 102 AD2d 943). O'Brien, J. P., Luciano, Schmidt and Adams, JJ., concur.