■ In the Matter of ULAWRENCE J. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MINERVA JONES, Appellant. [781 NYS2d 609]—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of disposition of the Family Court, Westchester County (Cooney, J.), entered March 3, 2003, which, upon a fact-finding order and suspended judgment (one paper) of the same court dated October 29, 2001, made after a fact-finding hearing, inter alia, upon her consent, finding that she permanently neglected the subject child, and upon granting the petitioner's motion, after a hearing, among other things, to revoke an order of extension of suspended judgment of the same court entered July 26, 2002, upon a finding that the mother was in violation of its terms and conditions, inter alia, terminated her parental rights and transferred custody and guardianship of the subject child to the petitioner for the purpose of adoption. The appeal brings up for review the fact-finding order and suspended judgment dated October 29, 2001.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petitioner, Westchester County Department of Social Services, sustained its burden of proving by a preponderance of the

evidence that the mother failed to satisfy the terms and conditions of the order of extension of suspended judgment entered July 26, 2002, warranting its revocation (*see* Family Ct Act § 633; *Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *Matter of Ishia Marie W.*, 292 AD2d 535 [2002]; *Matter of Caitlin H.*, 287 AD2d 715 [2001]; *Matter of William Ralph T.*, 286 AD2d 441 [2001]; *Matter of Alka H.*, 278 AD2d 326 [2000]). Furthermore, the evidence supported the Family Court's determination that termination of the mother's parental rights was in the best interests of the subject child (*see* Social Services Law § 384-b [1] [b]; *Matter of Star Leslie W.*, 63 NY2d 136, 147 [1984]; *Matter of Ishia Marie W., supra* at 536).

We decline to review that portion of the fact-finding order and suspended judgment dated October 29, 2001, which found that the mother permanently neglected the subject child since that finding was made upon her consent (*cf. Matter of Kayla M.*, 295 AD2d 613 [2002]).

The mother's remaining contentions are without merit. Altman, J.P., Crane, Fisher and Lifson, JJ., concur.