■ In the Matter of JORDAN AMIR B. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LARKEIA B., Appellant. (Proceeding No. 1.) In the Matter of LAFVORNE LEVI B. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LARKEIA B., Appellant. (Proceeding No. 2.) In the Matter of TAMELL RASHOD B. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LARKEIA B., Appellant. (Proceeding No. 3.) In the Matter of LASHAWN TAJUANA M.

WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LARKEIA B., Appellant. (Proceeding No. 4.) [790 NYS2d 507]—

In four related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother, Larkeia B., appeals from four orders of fact-finding and disposition of the Family Court, Westchester County (Duffy, J.), all entered August 26, 2003, which, after fact-finding hearings, upon, inter alia, finding, on her consent, that she permanently neglected the subject children, and upon granting the motion of the Westchester County Department of Social Services, after a hearing, to revoke orders of fact-finding and disposition (suspended judgments) of the same court (Jamieson, J.), entered March 28, 2002, and June 25, 2002, and an order of extension of suspended judgment of the same court (Jamieson, J.), entered December 27, 2002, on the ground that she was in violation of the terms and conditions thereof, terminated her parental rights and transferred custody and guardianship of the subject children to the petitioner for the purpose of adoption.

Ordered that the four orders of factfinding and disposition all entered August 26, 2003, are reversed, on the law, without costs or disbursements, and the matters are remitted to the Family Court, Westchester County, for immediate dispositional hearings.

There is no merit to the mother's contentions challenging the fact-finding determinations of the Family Court that she permanently neglected her children. The mother consented to the findings of neglect as to each of the children, and the judgments were suspended on condition that, inter alia, she undergo substance abuse treatment. Furthermore, the Westchester County Department of Social Services proved, by the requisite preponderance of the evidence, that the mother violated the conditions of the prior orders of factfinding and disposition (suspended judgments) and order of extension of suspended judgment by failing to comply with the requirements of the re-

habilitation program for substance abuse in which she was enrolled. Thus, the Family Court had the authority to revoke those orders (*see Matter of Michael C.*, 4 AD3d 423 [2004]; *Matter of Francisco Anthony C.F.*, 305 AD2d 410 [2003]; *Matter of Judith D.*, 307 AD2d 311 [2003]). However, on the instant record, we conclude that the Family Court improvidently exercised its discretion in entering dispositional orders terminating the mother's parental rights without conducting any inquiry into the children's best interests (*cf. Matter of Caitlin H.*, 287 AD2d 715 [2001]; *Matter of Shavira P.*, 283 AD2d 1027 [2001]).

The paramount concern is, as always, the best interests of the children (*see Matter of Star Leslie W.*, 63 NY2d 136 [1984]). Certainly in a proper case the Family Court may enforce a suspended judgment without the need for a separate dispositional hearing where the court has presided over prior proceedings from which it has become acquainted with the parties and the record shows that the court was aware of, and considered the children's best interests (*cf. Matter of Ulawrence J.*, 10 AD3d 658 [2004]; *Matter of Grace Q.*, 200 AD2d 894 [1994]). However, this is not such a case. Indeed, while it is true that the children were in placement for a substantial period of time and that the mother violated the terms of the suspended judgments, prior to the termination of the mother's parental rights, the best interests of the children must be considered (*see Matter of Queen Taisa Synethia G.*, 308 AD2d 584 [2003]; *Matter of Judith D.*, supra; *Matter of Ishia Marie W.*, 292 AD2d 535 [2002]).

Here, neither the Family Court nor the children's Law Guardian provided any evidence as to the children's present circumstances and relationship with their mother, and the effect upon them of the termination of her parental rights and their potential adoption. It appears incongruous that the sole reference by the Family Court to the children's "best interests" was in its recognition that the children's therapist recommended that continued connections to the mother be encouraged. As a result, the Family Court decided that visitation would be continued at least prior to any adoption. Moreover, there was no evidence as to whether the oldest child, at age 15, has consented to adoption (*see* Domestic Relations Law § 111 [1] [a]). In short, the record is inadequate to determine the best interests of the subject children. Accordingly, we reverse the orders of fact-finding and disposition appealed from, and remit the matters for immediate dispositional hearings. Florio, J.P., H. Miller, S. Miller and Spolzino, JJ., concur.