■ In the Matter of DEIONTE L. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; LISA L., Appellant. [795 NYS2d 904]—In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Salinitro, J.), dated April 14, 2004, which, upon a fact-finding order of the same court dated October 8, 2003, made after a hearing, upon her admission, finding that she had neglected the subject child, inter alia, placed the child with his maternal great-grandmother, in effect, under the supervision of the Administration for Children's Services, until September 23, 2004. The appeal brings up for review the fact-finding order dated October 8, 2003.

Ordered that the appeal from so much of the order of disposition as placed the subject child with his maternal great-

grandmother, in effect, under the supervision of the Administration for Children's Services, until September 23, 2004, is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Shanita V.*, 7 AD3d 804 [2004]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The mother's appeal from so much of the order of disposition as placed her child with the maternal great-grandmother, in effect, under the supervision of the Administration for Children's Services, until September 23, 2004, must be dismissed as academic because that provision of the order of disposition expired by its own terms on September 23, 2004, and has been replaced by a subsequent order extending placement (*see Matter of Jose I.*, 13 AD3d 446 [2004]; *Matter of Mercedes R.*, 300 AD2d 664 [2002]; *Matter of Monsunlola O.*, 231 AD2d 638 [1996]). In any event, we agree with the Family Court that placing the child with the maternal great-grandmother was in the child's best interests (*see generally Matter of Commissioner of Social Servs. of City of N.Y. [Trudy I.] v Leona W.*, 192 AD2d 602 [1993]).

We decline to review that portion of the fact-finding order dated October 8, 2003, which found that the mother neglected the subject child since that finding was made upon her admission (*see Matter of Ulawrence J.*, 10 AD3d 658 [2004]).

The mother's remaining contentions are without merit. Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.