■ In the Matter of MELISSA M. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIANNE M., Appellant. (Proceeding No. 1.) In the Matter of JONATHAN M. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIANNE M., Appellant. (Proceeding No. 2.) In the Matter of ZACHARY M. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIANNE M., Appellant. (Proceeding No. 3.) In the Matter of GAGE M. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIANNE M., Appellant. (Proceeding No. 4.) In the Matter of DEVIN M. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIANNE M., Appellant. (Proceeding No. 5.) [827 NYS2d 676]—In five related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of the Family Court, Orange County (Bivona, J.), entered July 11, 2005, which, upon granting the petitioner's motion, after a hearing, for a determination that she violated the terms of a suspended judgment of the same court dated March 4, 2005, terminated her parental rights and transferred guardianship and custody of the subject children to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

A preponderance of the evidence presented at the hearing to

determine whether the mother violated the terms of a suspended judgment supports the Family Court's determination that she failed to satisfy certain conditions of the suspended judgment, warranting its revocation (*see Matter of Michael B.,* 80 NY2d 299 [1992]; *Matter of Ricky Joseph V.,* 24 AD3d 683 [2005]; *Matter of Ishia Marie W.,* 292 AD2d 535 [2002]; *Matter of William Ralph T.,* 286 AD2d 441 [2001]).

The Family Court may enforce a suspended judgment without holding a separate dispositional hearing when the court has presided over prior proceedings and the record shows that the court was aware of and considered the children's best interests (*see Matter of Jordan Amir B.,* 15 AD3d 477 [2005]). Here, the evidence presented supports the Family Court's determination that termination of the mother's parental rights is in the best interests of the subject children (*see* Family Ct Act § 631; *Matter of Star Leslie W.,* 63 NY2d 136, 147-148 [1984]). Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.