In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the parents separately appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (Hoffmann, J.), dated June 14, 2012, which, upon an order of the same court dated May 18, 2012, in effect, granting the petitioner’s motion to hold the parents in violation of a certain condition of suspended judgments contained in prior orders of disposition of the same court dated November 16, 2011, and summarily revoking the suspended judgments, terminated their parental rights and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.
Ordered that the order of fact-finding and disposition is reversed, on the law and in the exercise of discretion, without costs or disbursements, the petitioner’s motion to hold the parents in violation of the subject condition of the suspended *839 judgments is denied, the order dated May 18, 2012, is modified accordingly, and the matter is remitted to the Family Court, Suffolk County, for a hearing on the motion to hold the parents in violation of the subject condition of the suspended judgments, to be convened and conducted expeditiously, a determination on that motion thereafter, and, if warranted, a new dispositional hearing thereafter and the entry of a new order of disposition thereafter in accordance herewith.
In June 2011, the Suffolk County Department of Social Services (hereinafter the DSS) sought to terminate the parental rights of the mother and father of the two subject children. Upon the parents’ admissions, the Family Court found that the parents permanently neglected the children. In separate orders of disposition dated November 16, 2011, the Family Court suspended judgment against the parents for a period of one year. The suspended judgments included the condition that the parents complete substance abuse treatment programs (hereinafter the drug-treatment condition).
During a court appearance on January 17, 2012, the Family Court directed immediate drug testing of the parents; that day, the father tested positive for marijuana, and the mother refused to take the drug test. The DSS thereafter sought to revoke the suspended judgments, and moved to hold the parents in violation of the drug-treatment condition, submitting, inter alia, a court activity file summary for January 17, 2012, regarding the court-ordered drug tests. The Family Court found that the parents failed to comply with the drug-treatment condition, based on the results of the father’s drug test and the mother’s refusal to take the test, with respect to which the court made an adverse inference against her. In an order dated May 18, 2012, the Family Court, based solely upon the papers submitted by the DSS, and without holding a hearing, in effect, granted the DSS’s motion to hold the parents in violation of the drug-treatment condition, and revoked the suspended judgments. In an order of fact-finding and disposition dated June 14, 2012, the Family Court, upon the order dated May 18, 2012, terminated the parents’ parental rights and transferred custody of the subject children to the DSS for the purpose of adoption. The parents separately appeal.
Upon a finding of permanent neglect, the Family Court may suspend judgment, “during which time the parents must comply with terms and conditions that relate to the adjudicated acts or omissions of the parents which led to the finding of [permanent] neglect” (Matter of Eric Z. [Guang Z.], 100 AD3d 646, 648 [2012]; see Family Ct Act §§ 631 [b]; 633). By enacting Family *840 Court Act §§ 631 (b) and 633, the legislature vested the Family Court with discretion to give a parent of a permanently neglected child a second chance before terminating the parent’s parental rights (see Matter of Michael B., 80 NY2d 299, 311 [1992]; Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658, 659-661 [2013]; Matter of Arianna I. [Roger I.], 100 AD3d 1281, 1283 [2012]). If a parent fails to comply with the terms and conditions of a suspended judgment, “a motion or order to show cause seeking the revocation of the order” suspending judgment “may be filed,” and “if, after a hearing or upon the respondent’s admission, the court is satisfied that the allegations of the motion or order to show cause have been established and upon a determination of the child’s best interests, the court may modify, revise or revoke the order of suspended judgment” (22 NYCRR 205.50 [d] [1], [5] [emphasis added]). “The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions” (Matter of Mashlai D.M. [Jalisa R.D.], 110 AD3d 813, 813-814 [2013]; see Matter of Jalil U. [Rachel L.-U.], 103 AD3d at 660).
In response to the DSS’s motion to hold them in violation of the drug-treatment condition, the parents did not admit to any violation. Thus, the Family Court should have conducted a hearing on the motion (see 22 NYCRR 205.50 [d] [5]), and the Family Court erred in, in effect, granting the DSS’s motion to hold the parents in violation of the drug-treatment condition and summarily revoking the suspended judgments (see Matter of Jalil U. [Rachel L.-U.], 103 AD3d at 660). Although the evidence submitted by the DSS in support of its motion may have constituted circumstantial evidence that the parents failed to successfully complete substance abuse treatment programs, we note that the DSS will be required, at the hearing on the motion, to establish by a preponderance of the evidence that the parents in fact failed to complete those programs.
Moreover, even if the Family Court had conducted a hearing on the DSS’s motion to hold the parents in violation of the drug-treatment condition, and had determined that the violations had been established by a preponderance of the evidence, the Family Court was required to conduct an inquiry into the children’s best interests before terminating the parents’ parental rights (see Matter of Jordan Amir B., 15 AD3d 477, 479 [2005]). Although a separate dispositional hearing is not always required in a proceeding to enforce a suspended judgment where the violation hearing or prior proceedings established that the court was aware of and considered the children’s *841 best interests (see Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1009 [2012]; Matter of Darren V., 61 AD3d 986, 988 [2009]), this is not such a case (see Matter of Jordan Amir B., 15 AD3d at 479). The Family Court conducted no hearing at all on the motion to hold the parents in violation of the drug-treatment condition, and the record does not otherwise show that the Family Court made an inquiry into or adequately considered the best interests of the children in terminating the parents’ parental rights. Accordingly, under the circumstances of this case, the Family Court improvidently exercised its discretion in terminating the parents’ parental rights in the absence of a new dispositional hearing that adequately considered the best interests of the children.
Accordingly, we remit the matter to the Family Court, Suffolk County, for a hearing on the DSS’s motion to hold the parents in violation of the drug-treatment condition, to be convened and conducted expeditiously, a determination on that motion thereafter, and, if warranted, a new dispositional hearing thereafter. Given the passage of more than 18 months since the Family Court revoked the now-expired suspended judgments, the Family Court, at any new dispositional hearing that may be conducted, shall ascertain whether, in light of the parents’ present circumstances and those of the children, the entry of suspended judgments would be in the best interests of the children, and shall enter a new dispositional order thereafter. A suspended judgment should not be entered if the best interests of the children warrant the termination of parental rights (see Matter of Jalil U. [Rachel L.-U.], 103 AD3d at 660; Matter of Christopher Lee B., 65 AD3d 549, 550 [2009]). Rivera, J.R, Angiolillo, Hall and Cohen, JJ., concur.