■ In the Matter of GRACE Q. and Another, Children Alleged to Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CYNTHIA S., Appellant. [617 NYS2d 392] —White, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered March 12, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to, inter alia, adjudicate two of respondent's children to be permanently neglected, and terminated her parental rights.

On September 20, 1991, respondent admitted the allegations set forth in an amended permanent neglect petition and

consented to an order of adjudication and disposition. Family Court issued a suspended judgment which, *inter alia,* required respondent to satisfactorily complete an inpatient program for alcoholism treatment within 90 days and, upon completion of the program, to cooperate with petitioner in planning for the return of her children, then ages three and one. In February 1992, petitioner requested that the order of disposition be revoked. Following a hearing, Family Court found that respondent had failed to comply with the terms of the suspended judgment and concluded that it would be in the children's best interests to terminate respondent's parental rights.* This appeal ensued.

Our review of the record discloses that petitioner adduced proof showing that respondent failed to complete an alcohol rehabilitation treatment program and that she failed to make any plans for the return of her children. In addition, the proof shows that not only has she not recognized that she is an abuser of alcohol but also that she continues to abuse it.

Accordingly, we shall not disturb Family Court's finding that respondent failed to comply with the terms and conditions of the suspended judgment since it is supported by the preponderance of the evidence *(see, Matter of Grace Q. [Paul Q.],* 200 AD2d 894, *supra).* Further, we concur with Family Court's determination to terminate respondent's parental rights given the fact that she has been unable or unwilling to overcome or confront her problems with alcohol thus preventing her from establishing a stable home environment which is critically important to the developmental needs of her children *(see, Matter of Nathaniel T.,* 67 NY2d 838, 842).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We have affirmed Family Court's termination of the parental rights of respondent's husband *(Matter of Grace Q. [Paul Q.],* 200 AD2d 894).