■ In the Matter of JACK McG., a Child Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES, Respondent; SUZANNE Mc-G. et al., Appellants, and JAMES McG., Respondent. [636 NYS2d 311] —Order of disposition, Family Court, New York County (Edward Kaufmann, J.), entered May 6, 1994, which released the subject child to the custody of his father, respondent James McG., under the supervision of the Child Welfare Administration for a period of up to 12 months, directed the father and mother, respondent Suzanne McG., to attend therapy, and granted the mother and maternal grandmother, respondent Marie T., supervised visitation, after a fact-finding determination pursuant to Family Court Act § 1051 (a) and (f) that the child was an abused child, unanimously affirmed, without costs.

Family Court properly considered the report of the psychiatrist who had been appointed, by agreement, to evaluate the respondents to aid the court in determining custody. Such report of " 'up-to-date examinations and investigations' " was necessary to assist the court in its inquiry " 'into the capacities of [respondents] to properly supervise the [child]' " (*Matter of Marsha B.F.*, 110 AD2d 549, 550, quoting *Matter of Debra VV*, 52 AD2d 960, 961). Nor was such consideration an abrogation or delegation of authority, as the court utilized the report in conjunction with other evidence in determining the best interests of the child, while taking into account "the potential threat to the child's health and safety" (*Matter of Valerie Leonice T.*, 107 AD2d 327, 329).

The court properly denied appellants' requests to withdraw their consents to a finding of abuse (Family Ct Act § 1051 [a], [f]), as neither cited "good cause" to vacate the order (Family Ct Act § 1061).

The court appropriately exercised its discretion under County Law § 722-c in denying the grandmother's application for further public monies to pay for the testimony of the psychiatrist, where the psychiatrist's report alone was not determinative of the court's decision, and a claim that such testimony might add insight into the evaluation was insufficient to require the grant of funds (*see, Johnson v Harris*, 682 F2d 49, 50-51, *cert denied* 459 US 1041; *People v Gallow*, 171 AD2d 1061, 1062-1063, *lv denied* 77 NY2d 995). Concur—Murphy, P. J., Wallach, Kupferman, Ross and Williams, JJ.