■ In the Matter of MARSELIS WILLIAM R., a Child Alleged to be Permanently Neglected. JACQUELINE MARY M., Appellant; NEW YORK FOUNDLING HOSPITAL et al., Respondents. [741 NYS2d 543] —Order, Family Court, New York County (Mary Bednar, J.), entered on or about August 1, 2000, which, upon a fact-finding determination of permanent neglect pursuant to Social Services Law § 384-b, terminated respondent's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services of the City of New York for purposes of adoption, unanimously affirmed, without costs.

Family Court properly found that petitioner agency sustained its burden (*cf., Matter of Jamie M.*, 63 NY2d 388, 394) of showing that it exercised diligent efforts to reunite respondent and her child by encouraging and strengthening the parental relationship (*see, Matter of Rosanette O.*, 291 AD2d 237). In addition, as Family Court also found, petitioner made the requisite clear and convincing showing of permanent neglect by adducing evidence that respondent mother had declined its assistance in anger management (*see, Matter of Pauline Ameesha L.*, 291 AD2d 299) and drug use (*see, Matter of Rosanette O., supra* at 237-238), and had thus failed to plan for the child (*see, e.g., Matter of Dade Wynn F.*, 291 AD2d 218). We note that the credibility determinations of Family Court supporting these findings are entitled to, and have been afforded, deference on appeal (*see, Matter of Nathaniel T.*, 67 NY2d 838, 842).

The evidence presented at the dispositional hearing was sufficient to support Family Court's determination that it was in the subject child's best interests to be freed for adoption. Concur—Buckley, J.P., Sullivan, Lerner and Friedman, JJ.