■ In the Matter of RICKY A.B. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; JENNIFER R., Respondent. In the Matter of RICKY A.B. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TYLER R., Appellant. [789 NYS2d 379]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered August 29, 2003 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent Tyler R. and committed the guardianship and custody of his children to petitioner for the purpose of adoption.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Tyler R. (respondent) appeals from an order that terminated his parental rights, freed his three children for adoption upon a finding that they were permanently neglected within the meaning of Social Services Law § 384-b (4) (d) and denied his request for a suspended judgment. We conclude that petitioner met its burden of establishing, by clear and convincing evidence (*see* § 384-b [3] [g]), that respondent's children were permanently neglected. Petitioner established that respondent has failed to take responsibility for his past inappropriate sexual behavior and aggressive tendencies, thus preventing any assurance that the children would be safe if returned to the home (*see Matter of Crystal Q.*, 173 AD2d 912, 913 [1991], *lv*

*denied* 78 NY2d 855 [1991]). Respondent's contention that Family Court erred in admitting psychological and sexual assessment reports because those reports constitute hearsay is without merit. Those reports are business records and as such are within an exception to the hearsay rule (*see* CPLR 4518). In any event, "hearsay evidence is admissible at a dispositional hearing as long as it is material and relevant" (*Matter of George A.*, 257 AD2d 620, 620-621 [1999]; *see* Family Ct Act § 624). Finally, contrary to respondent's contention, a suspended judgment would not have been appropriate in this case (*see Matter of Michael B.*, 80 NY2d 299, 311 [1992]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.