■ In the Matter of CHELSEA K., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF CLINTON COUNTY, Respondent; LOREN K., Appellant, et al., Respondent. [790 NYS2d 273]—

Lahtinen, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered October 22, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents' child to be neglected.

Respondent Loren K. (hereinafter respondent) and respondent Amy L. are the parents of Chelsea K. (born in 1999). In July 2003, petitioner commenced this neglect proceeding alleging that respondents had failed to provide medical care, adequate supervision, adequate guardianship and a safe and stable home for their daughter, that they had engaged in a physical altercation in front of Chelsea and that they had sexually abused a 12-year-old female. Prior to a fact-finding hearing, respondents admitted several of the allegations (but not the sexual abuse allegation) and consented to a finding that Chelsea was neglected. At the ensuing dispositional hearing, a caseworker related some of his findings from investigating the sexual abuse allegation, including his conversations with the 12-year-old female and the fact that respondents had been indicted with respect thereto. While this evidence was hearsay, Family Court considered it and determined that permitting Chelsea to continue to reside with respondents would not be in her best interest. Accordingly, she was placed in petitioner's custody. Respondent appeals.

Respondent argues that Family Court's dispositional determination was not supported by sufficient evidence. At a dispositional hearing, the paramount issue is the best interest of the

child (*see Matter of Megan G.*, 291 AD2d 636, 640 [2002]; *Matter of Kathleen OO.*, 232 AD2d 784, 786 [1996]), and the standard governing the admission and consideration of evidence is less stringent than at a fact-finding hearing (*compare* Family Ct Act § 1046 [b] [ii] *with* Family Ct Act § 1046 [c]). While the hearsay proof upon which Family Court premised its dispositional determination would have been insufficient to support a fact-finding determination, hearsay is permissible when searching for a child's best interest at the dispositional stage (*see Matter of Demetrius X.*, 228 AD2d 804, 805 [1996]; *see also People ex rel. Cusano v Leone*, 43 NY2d 665, 668 n 2 [1977]; *Matter of Crystal A.*, 11 AD3d 897, 898 [2004]). The hearsay evidence elicited at the hearing, which was admitted without objection, provided ample support for Family Court's dispositional determination.

Next, respondent contends that he was denied the effective assistance of counsel because of a conflict arising from the fact that his attorney had previously represented the father of the 12-year-old who respondent had allegedly sexually abused. This potential conflict was raised by respondent's counsel early in the proceeding and, after a conference with Family Court and all parties, it was determined that no party intended to call the father of the 12-year-old as a witness. Under such circumstances and after review of the record, we are unpersuaded that the potential conflict impacted the representation that respondent received nor was such representation ineffective within the meaning of the constitution (*see generally People v Harris*, 99 NY2d 202 [2002]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.