■ In the Matter of MICHENELLA I., a Child Alleged to be Permanently Neglected. BONNIE I., Appellant; SEAMEN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent. [792 NYS2d 432]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about April 29, 2002, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The court's finding of permanent neglect (Social Services Law § 384-b [7] [a]) was supported by clear and convincing evidence that, although the agency diligently endeavored to encourage and strengthen the relationship between respondent and the subject child, respondent neglected the child by, inter alia, failing to plan for her future. Although furnished with referrals by the agency, respondent failed to attend the therapy sessions required as a condition of resuming visitation in light of her hostile behavior (*see Matter of Marselis William R.*, 294 AD2d 210 [2002]), and never completed a mental health evaluation. Nor did she, during the statutorily relevant period, meet other agency prerequisites to her resumption of custodial parenting responsibilities; although help was offered to respondent, she did not obtain suitable housing or attend a parenting skills class (*see Matter of Jordane John C.*, 14 AD3d 407 [2005]).

The court also properly found that the best interests of the child would be served by terminating respondent's parental rights and not entering a suspended judgment since respondent had no viable plan for the child's future and freeing the child for adoption by her foster mother, with whom the child, now five years of age, had been placed since she was two weeks old, gave her the best chance for permanence and stability (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Concur—Mazzarelli, J.P., Marlow, Sullivan, Ellerin and Catterson, JJ.