■ In the Matter of JAMAAL DeQUAN M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERESA W., Appellant. [808 NYS2d 384]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of disposition of the Family Court, Suffolk County (Freundlich, J.), entered November 16, 2004, which, after a hearing, found that she had permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petitioner met its burden of establishing by clear and convincing evidence that, notwithstanding its diligent efforts to encourage and strengthen the parental relationship, the mother failed for a period of more than one year following the date that

the subject child came into its care to plan for the future of the child, although physically and financially able to do so (*see Matter of Star Leslie W.*, 63 NY2d 136 [1984]; *Matter of Margaret T.*, 20 AD3d 574 [2005]; *Matter of Distiny Angelina N.*, 18 AD3d 755 [2005]). Although the testimony of the two caseworkers regarding documents in the case file constituted hearsay, such testimony was properly admitted as relevant and material to the issue of whether termination of the mother's parental rights was in the best interests of the child (*see* Family Ct Act § 624; *Matter of Saquan L.E.*, 19 AD3d 418, 419 [2005]; *Matter of James Carton K.*, 235 AD2d 422, 423 [1997]). The Family Court's order was not based on inadmissible hearsay but, rather, was supported by clear and convincing evidence and should not be disturbed.

The mother's remaining contention is without merit. Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.