■ In the Matter of RACQUEL OLIVIA M. and Another, Children Alleged to be Permanently Neglected. JAMILLAH M., Appellant; CHILDREN's AID SOCIETY, Respondent. [830 NYS2d 96]—

Orders of disposition, Family Court, New York County (Jody Adams, J.), entered on or about March 1, 2005, which, upon findings of permanent neglect, terminated respondent mother's parental rights with respect to the subject children and transferred custody and guardianship of the children to

petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

The evidence at the fact-finding hearing established that petitioner agency met its obligation to endeavor diligently to strengthen the parental relationship by, inter alia, regularly meeting with respondent to discuss the agency service plan, arranging visitation, and providing referrals for parenting classes, counseling, psychiatric evaluation and support groups (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). The court's finding of permanent neglect was supported by clear and convincing evidence that respondent failed during the statutorily relevant period to meaningfully avail herself of the services deemed essential to prepare her to assume custodial parenting responsibilities (*see e.g. Matter of Michenella I.*, 16 AD3d 353 [2005], *lv denied* 5 NY3d 717 [2005]).

The evidence at the dispositional hearing was preponderant that termination of respondent's parental rights to facilitate the children's adoption by their foster mother was in the children's best interests. The record shows that the foster mother has provided the children with a loving, supportive home, and has devoted herself fully to seeing that the children's needs, are met (*see Matter of Dominique S.*, 276 AD2d 367 [2000]).

While the therapist's report offered by respondent was not necessarily inadmissible as hearsay (*see Matter of Ricky A.B.*, 15 AD3d 838 [2005]), the court properly exercised its discretion in refusing to receive the report in evidence. The report, we note, would not have altered the court's best interests determination, which turned not upon the mother's mental health, but upon her failure to, inter alia, establish that she could provide the children with a suitable home and suitable care for their special needs. Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Kavanagh, JJ.