■ In the Matter of MICHAEL PHILLIP T., Also Known as MICHAEL T. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; LAURA T., Appellant. (Proceeding No. 1.) In the Matter of MARGUERITE JUANITA T., Also Known as MARGUERITE T. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; LAURA T., Appellant. (Proceeding No. 2.) In the Matter of ELIZABETH ASHLEY PAULETTE T., Also Known as ELIZABETH T. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; LAURA T., Appellant. (Proceeding No. 3.) In the Matter of GABRIEL HERBERT T., Also Known as GABRIEL H., Also Known as GABRIEL T. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; LAURA T., Appellant. (Proceeding No. 4.) [845 NYS2d 790]—

In four related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from four orders of disposition of the Family Court, Kings County (Lim, J.) (one as to each child), each dated July 12, 2006, which, after a hearing, determined that she failed to comply with the terms and conditions of an "order of suspended judgment, disposition, adjudication, findings of fact, and conclusions of law" of the same court dated March 1, 2005, and, after a dispositional hearing, terminated her parental rights, and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and Little Flower Children and Family Services of New York, for the purpose of adoption.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly admitted hearsay evidence at the violation and dispositional hearings (see Family Ct Act § 624; Matter of Jamaal DeQuan M., 24 AD3d 667 [2005]; Matter of N.R.W., 16 AD3d 1099, 1100 [2005]; Matter of Veronica W., 289 AD2d 1055, 1056 [2001]; Matter of Robert T., 270 AD2d 961 [2000]).

The petitioner satisfied its burden of proving, by a preponderance of the evidence (see e.g. Matter of Ricky Joseph V., 24 AD3d

683, 684 [2005]), that the mother had violated the terms and conditions of a suspended judgment by being discharged from a drug rehabilitation program and continuing to use illicit substances (*see Matter of Eric Jule C.*, 39 AD3d 346 [2007]; *Matter of Edward GG.*, 35 AD3d 1144, 1145 [2006]; *Matter of Vanessa R.*, 249 AD2d 27 [1998]; *Matter of Grace Q.*, 208 AD2d 976, 977 [1994]). Moreover, the record supports the Family Court's determination that termination of the mother's parental rights was in the best interests of the children (*see Matter of Jennifer R.*, 29 AD3d 1005, 1007 [2006]; *Matter of Arnold M.*, 12 AD3d 677, 678-679 [2004]; *Matter of Grace Q.*, 200 AD2d 894, 895-896 [1994]).

The mother's remaining contentions either are not properly before this Court, have been rendered academic in light of our determination, or are without merit. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.