In the Matter of MICHELLE M. and Others, Infants. ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GREG F., Appellant. [861 NYS2d 542]—

Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, J.), entered November 21, 2006 in a proceeding pursuant to Family Court Act article 10. The order, after a hearing, inter alia, adjudged that respondent had abused his stepdaughter and had derivatively neglected his biological children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order adjudicating his stepdaughter to be an abused child and his biological children to be derivatively neglected. Contrary to the father's contention, the evidence supports the findings of derivative neglect (*see* Family Ct Act § 1046 [a] [i]). The record establishes that, over a period of approximately one year, the father repeatedly pressed himself against his stepdaughter while she was in her bed, for his own sexual gratification. The record also establishes that he repeatedly made sexual comments to her, and that on one occasion he attempted to kiss her and place his tongue in her mouth. That evidence of direct abuse establishes "fundamental flaws in the [father's] understanding of the duties of parenthood," thus supporting the findings of derivative neglect (*Matter of Hannah UU.*, 300 AD2d 942, 944 [2002], *lv denied* 99 NY2d 509 [2003] [internal quotation marks omitted]; *see* Family Ct Act § 1046 [a] [i]; *Matter of Amanda LL.*, 195 AD2d 708, 709 [1993]). We reject the further contention of the father that he was prejudiced by Family Court's

denial of his request for the appointment of an expert pursuant to County Law § 722-c to enable him to respond to the expert testimony presented by petitioner. The father did not make the requisite showing that the appointment of an expert was "necessary" (*id.*; *see generally Matter of Jack McG.*, 223 AD2d 369 [1996]). Finally, we reject the contention of the father that he was denied effective assistance of counsel (*see generally Matter of Nagi T. v Magdia T.*, 48 AD3d 1061 [2008]). Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.