Order of fact-finding and disposition, Family Court, Bronx County (Gayle P Roberts, J.), entered on or about August 19, 2011, which, upon a finding of permanent neglect, terminated respondent mother’s parental rights to the subject child, and committed custody and guardianship of the child to petitioner agency, and the Commissioner of the Administration for Children’s Services for the purpose of adoption, unanimously affirmed, without costs.
Petitioner met its burden of establishing, by clear and convincing evidence, that the child was permanently neglected (see Social Services Law § 384-b [7] [a]). Petitioner made diligent efforts to strengthen and encourage the parent-child relationship by, among other things, scheduling visitation with the child, referring respondent for mental health services, and assisting respondent in obtaining suitable housing (see Matter of Shaqualle Khalif W. [Denise W.], 96 AD3d 698, 698-699 [1st Dept 2012]). Despite these efforts, respondent failed to appear at many of the scheduled visits, behaved inappropriately when she did attend the visits and failed to bond with the child. In addition, respondent failed to seek and regularly attend recommended mental health services and failed to cooperate with petitioner’s attempts to refer her to a shelter or other suitable housing (id. at 699).
We reject respondent’s contention that petitioner’s activities were deficient because she is mentally retarded. There is no evidence of mental retardation beyond the conclusory statements of respondent’s counsel and, as noted above, petitioner referred respondent for mental health services which respondent failed to consistently attend.
Respondent may not appeal from the dispositional aspect of the order which was entered on default (see Matter of Serenity Celene M. [Roy Enrique M.], 93 AD3d 448 [1st Dept 2012]). In any event, a preponderance of the evidence shows that termination of respondent’s parental rights is in the best interest of the child who has resided in the pre-adoptive foster home, where he is thriving, for almost all of his life, and where his special behavioral and emotional needs have been met by his foster parents (see Matter of Star Leslie W., 63 NY2d 136, 147 [1984]; *476 Matter of Racquel Olivia M., 37 AD3d 279, 280 [1st Dept 2007]). Concur — Mazzarelli, J.E, Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.