■ In the Matter of JEREMIAH EMMANUEL R. and Another, Children Alleged to be Permanently Neglected. SYLVIA C., Ap-

pellant; LEAKE AND WATTS SERVICES, INC., Respondent. [957 NYS2d 43]—

Petitioner met its burden of establishing, by clear and convincing evidence, that the children were permanently neglected (*see* Social Services Law § 384-b [7] [a]). Respondent failed to plan for the future of her children despite the diligent efforts of the agency to strengthen and encourage her relationship with the children by, among other things, scheduling visitation with them, providing respondent with referrals for appropriate services, and assisting respondent in obtaining suitable housing (*see Matter of Shaqualle Khalif W. [Denise W.]*, 96 AD3d 698, 698-699 [1st Dept 2012]). Respondent failed to remain drug and alcohol free or to secure appropriate housing or employment, and she interacted poorly with the children during visitation. Consistent visitation with the children does not preclude a finding of permanent neglect where, as here, there is a failure to plan for the children's future (*see Matter of Jonathan Jose T.*, 44 AD3d 508, 509 [1st Dept 2007]).

Respondent's contention that she was deprived of a fair trial because the court asked questions regarding how one of her older children felt when respondent refused to allow her to be adopted and whether she was concerned with the children's wishes regarding adoption that were speculative and/or lacked a foundation is unavailing. Respondent's perception of and response to the children's wishes and needs is material and relevant to the issue of whether or not it was in the children's best interest that they be freed for adoption (*see* Family Ct Act § 624; *Matter of Jamaal DeQuan M.*, 24 AD3d 667, 668 [2d Dept 2005]; *Matter of Chelsea K.*, 15 AD3d 794, 794-795 [3d Dept 2005], *lv dismissed* 4 NY3d 869 [2005]; *Matter of Ricky A.B.*, 15 AD3d 838, 839 [4th Dept 2005]).

Lastly, a preponderance of the evidence establishes that it is in the best interests of the children to terminate respondent's parental rights (*see Matter of Khalil A. [Sabree A.]*, 84 AD3d 632 [1st Dept 2011]). The children have been residing in a stable and nurturing environment with their foster mother, who

is willing and able to adopt them, for approximately 3½ years. In view of the foregoing, a suspended judgment is not appropriate (*see id.*; *Matter of Fernando Alexander B. [Simone Anita W.]*, 85 AD3d 658, 659 [1st Dept 2011]). Concur—Tom, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.