■ In the Matter of LYDIA DD. and Another, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; KHALIL P., Respondent, et al., Respondent; JAMES A. MACK, as Attorney for the Children, Appellant. [974 NYS2d 169]—

Stein, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered April 27, 2012, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents' children to be neglected.

Respondent Khalil P. (hereinafter respondent) is the father of two children, Lydia DD. (born in 1998) and Thais P. (born in 2002). In July 2011, petitioner commenced this Family Ct Act article 10 proceeding against respondent and the children's mother, asserting that the children were neglected as a result of, among other things, an alleged incident of domestic violence between respondent and the mother that occurred in July 2011 in Lydia's presence.[1] After a fact-finding hearing regarding respondent,[2] Family Court dismissed the petition, finding that petitioner "failed to provide sufficient competent, material and

**1.** The petition against the mother was resolved in a manner that is not explained in the record.
**2.** Neither respondent nor the mother were present at the fact-finding hearing. However, respondent was represented by counsel.

relevant evidence" to support the allegations contained in the petition. The attorney for the children now appeals.[3]

We affirm. "To establish neglect, [a] petitioner must prove by a preponderance of the evidence that a child's physical, mental or emotional condition was harmed or is in imminent danger of harm as a result of a failure on the part of the parent to exercise a minimum degree of care" (*Matter of Aiden XX. [Jesse XX.]*, 104 AD3d 1094, 1095 [2013] [internal quotation marks and citation omitted]; *see* Family Ct Act § 1012 [f] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Shay-Nah FF. [Theresa GG.]*, 106 AD3d 1398, 1399-1400 [2013], *lv denied* 21 NY3d 863 [2013]). At a fact-finding hearing, only "competent, material and relevant evidence" may be admitted (Family Ct Act § 1046 [b] [iii]; *see Matter of Nicholas C. [Erika H.—Robert C.]*, 105 AD3d 1402, 1402 [2013]; *Matter of Chelsea K.*, 15 AD3d 794, 795 [2005], *lv dismissed* 4 NY3d 869 [2005]; *Matter of Zachariah VV.*, 262 AD2d 719, 720 [1999], *lv denied* 94 NY2d 756 [1999]; *compare* Family Ct Act § 1046 [c]).

Here, the only proof offered by petitioner was the testimony of its caseworker, who had no personal knowledge of the events that led to the filing of the petition. Rather, the caseworker's testimony concerning the alleged acts constituting neglect consisted entirely of what he was purportedly told by the mother. Upon our review of the record and notwithstanding the absence of any contrary testimony, we discern no error in Family Court's determination that the testimony of the caseworker was insufficient to sustain petitioner's burden of proof (*see Matter of Nicholas C. [Erika H.—Robert C.]*, 105 AD3d at 1403; *accord Matter of Imani B.*, 27 AD3d 645, 646 [2006]). Thus, the petition was properly dismissed.

We have considered the remaining arguments raised by the attorney for the children and find them to be lacking in merit.

McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

**3.** Notwithstanding the wholesale dismissal of its petition by Family Court, petitioner did not appeal. Petitioner now attempts to advance its position by way of a letter to this Court. Under these circumstances, we decline to consider such letter.