■ In the Matter of BLAKE T.L. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT L., Appellant. (Proceeding No. 1.) In the Matter of JAMES T.L. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT L., Appellant. (Proceeding No. 2.) [35 NYS3d 262]—

Appeals from two orders of the Family Court, Suffolk County (David Freundlich, J.) (one as to each child), both dated August 11, 2015. The orders, after a hearing, revoked a suspended judgment of that court dated August 18, 2014, terminated the father's parental rights, and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.

Ordered that the orders are affirmed, without costs or disbursements.

Contrary to the father's contention, the petitioner satisfied its burden of proving, by a preponderance of the evidence, that the father violated one of the terms and conditions of a suspended judgment by failing to refrain from using illegal drugs (*see* Family Ct Act § 624; *Matter of Derrick D.A. [Shavonna L.L.D.]*, 134 AD3d 928, 929 [2015]; *Matter of Justin*

*S. [Nereida V.]*, 121 AD3d 405, 406 [2014]; *Matter of Michael Phillip T.*, 44 AD3d 1062, 1062-1063 [2007]). Although the testimony of a caseworker regarding the father's drug test results constituted hearsay, hearsay evidence which is material and relevant may be admitted at a hearing on an alleged violation of a suspended judgment because it is part of the dispositional phase of a permanent neglect proceeding (*see* Family Ct Act § 624; *Matter of Janasia H. [Ebony H.]*, 71 AD3d 1524, 1525 [2010]; *Matter of Darren V.*, 61 AD3d 986, 988 [2009]; *Matter of Ferdinand V.*, 277 AD2d 133 [2000]). Here, the caseworker's testimony regarding the father's drug test results was properly admitted as it was material and relevant to the issue of whether the father violated the terms and conditions of the suspended judgment (*see Matter of Janasia H. [Ebony H.]*, 71 AD3d at 1525; *Matter of Michael Phillip T.*, 44 AD3d at 1062; *Matter of Jamaal DeQuan M.*, 24 AD3d 667, 668 [2005]; *Matter of David M-H*, 305 AD2d 414 [2003]).

Further, the evidence adduced at the hearing supported the Family Court's determination that it was in the best interests of the children to terminate the father's parental rights and free the children for adoption (*see* Family Ct Act § 633 [f]; *Matter of Derrick D.A. [Shavonna L.L.D.]*, 134 AD3d at 929; *Matter of Jeremiah J.W. [Tionna W.]*, 134 AD3d 848, 849 [2015]; *Matter of Kai G. [Janice K.]*, 126 AD3d 902, 903 [2015]; *Matter of Mashlai D.M. [Jalisa R.D.]*, 110 AD3d 813, 814 [2013]).

The Family Court also providently exercised its discretion in denying the request of the father's attorney to be relieved and for the assignment of new counsel where no good cause was shown (*see Matter of Zulme v Maehrlein*, 133 AD3d 608 [2015]; *Matter of Alexander S. [David S.]*, 130 AD3d 1463, 1464 [2015]; *Matter of Wiley v Musabyemariya*, 118 AD3d 898, 900 [2014]).

The father's remaining contention is not properly before this Court. Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.