Matter of Briana S.-S. (Emily S.) (2022 NY Slip Op 06337)

Matter of Briana S.-S. (Emily S.)

2022 NY Slip Op 06337

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, WINSLOW, AND BANNISTER, JJ.

655 CAF 21-00074

[*1]IN THE MATTER OF BRIANA S.-S. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; EMILY S., RESPONDENT-APPELLANT. (APPEAL NO. 2.)

KELIANN M. ARGY, ORCHARD PARK, FOR RESPONDENT-APPELLANT.
ADAM H. VANBUSKIRK, AUBURN, FOR PETITIONER-RESPONDENT.
VERA A. VENKOVA, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Genesee County (Thomas M. DiMillo, A.J.), entered December 23, 2020 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred respondent's guardianship and custody rights with respect to the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Social Services Law § 384-b, respondent mother appeals, in appeal Nos. 2 through 4, from respective orders that, inter alia, terminated her parental rights with respect to the three subject children on the ground of permanent neglect and, in appeal Nos. 5 through 7, respondent father appeals from respective orders that, inter alia, terminated his parental rights with respect to the subject children on the ground of permanent neglect. The mother also appeals, in appeal No. 1, from a prior order that terminated respondents' parental rights and committed custody and guardianship of the subject children to petitioner.
As a preliminary matter, although not raised by the parties, the mother's appeal from the order in appeal No. 1 should be dismissed inasmuch as that order was superseded by the orders in appeal Nos. 2 through 7 (see Matter of Faith K. [Cindy R.], 194 AD3d 1402, 1402 [4th Dept 2021]; Matter of Hayden A. [Karen A.], 188 AD3d 1758, 1759 [4th Dept 2020]).
We reject the contentions of the mother and the father that petitioner failed to establish that it exercised diligent efforts, as required by Social Services Law § 384-b (7) (a), to encourage and strengthen the respective parent-child relationships. "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child[ren], providing services to the parents to overcome problems that prevent the discharge of the child[ren] into their care, and informing the parents of their child[ren]'s progress" (Matter of Caidence M. [Francis W.M.], 162 AD3d 1539, 1539 [4th Dept 2018], lv denied 32 NY3d 905 [2018] [internal quotation marks omitted]; see Matter of Nathan N. [Christopher R.N.], 203 AD3d 1667, 1668 [4th Dept 2022], lv denied 38 NY3d 909 [2022]). Here, petitioner established by clear and convincing evidence (see
§ 384-b [3] [g] [i]) that it fulfilled its duty to exercise diligent efforts to encourage and strengthen respondents' relationships with the children by providing appropriate referrals to respondents for mental health counseling, domestic violence and parenting classes, and housing and public assistance (see Matter of Nicholas B. [Eleanor J.], 83 AD3d 1596, 1597 [4th Dept 2011], lv denied 17 NY3d 705 [2011]). In addition, petitioner scheduled regular visitation between respondents and the children, during which petitioner provided the services of a parent aide to educate respondents on appropriate parenting techniques (see Matter of Star Leslie W., 63 NY2d [*2]136, 142 [1984]; Matter of Hannah W. [William W.], 182 AD3d 1032, 1033 [4th Dept 2020]). "Although petitioner's efforts were unsuccessful . . . , it was not required to guarantee success" (Matter of Regina M.C., 139 AD2d 929, 930 [4th Dept 1988]).
We further conclude that, contrary to respondents' contentions, petitioner established that, despite those diligent efforts, respondents permanently neglected the children because they "failed to plan appropriately for the child[ren]'s future" (Matter of Jerikkoh W. [Rebecca W.], 134 AD3d 1550, 1551 [4th Dept 2015], lv denied 27 NY3d 903 [2016]). "It is well settled that, to plan substantially for a child's future, 'the parent must take meaningful steps to correct the conditions that led to the child's removal' " (id.; see Matter of Nathaniel T., 67 NY2d 838, 840 [1986]). Here, respondents failed to take such meaningful steps inasmuch as they failed to successfully complete the programs and services that were made available to them and continued to violate orders of protection directing that they have no contact with each other. In addition, in the mother's case, despite petitioner's best efforts, a trial discharge of the children lasted only approximately six weeks (see generally Jerikkoh W., 134 AD3d at 1551; Matter of David C., 162 AD2d 973, 974 [4th Dept 1990]). Furthermore, while incarcerated for violating an order of protection directing that he have no contact with the mother, and knowing that a permanent neglect petition had been filed against her, the father continued to suggest that the children be released to the mother's custody. "The failure of an incarcerated parent to provide any 'realistic and feasible' alternative to having the children remain in foster care until the parent's release from prison . . . supports a finding of permanent neglect" (Matter of Gena S. [Karen M.], 101 AD3d 1593, 1594 [4th Dept 2012], lv dismissed 21 NY3d 975 [2013]).
To the extent that the mother preserved for our review her contention that Family Court abused its discretion in admitting in evidence at the dispositional hearing a psychological report prepared as a result of a court-ordered psychological examination, we reject that contention. "[O]nly material and relevant evidence may be admitted in a dispositional hearing" (Family Ct Act § 624). Contrary to the mother's contention, the report was relevant and material to the issue whether termination of the mother's parental rights was in the best interests of the children (see generally Matter of Jamaal DeQuan M., 24 AD3d 667, 668 [2d Dept 2005]; Matter of Ricky A.B., 15 AD3d 838, 839 [4th Dept 2005]; Matter of Jack McG., 223 AD2d 369, 369 [1st Dept 1996]).
We reject the father's contention that the court abused its discretion in denying his attorney's request for an adjournment when the father was not transported from the facility where he was incarcerated to the courthouse on the first day of the fact-finding hearing. "[A] parent's right to be present for fact-finding and dispositional hearings in termination cases is not absolute . . . [W]hen faced with the unavoidable absence of a parent, a court must balance the respective rights and interests of both the parent and the child[ren] in determining whether to proceed" (Matter of Dakota H. [Danielle F.], 126 AD3d 1313, 1315 [4th Dept 2015], lv denied 25 NY3d 909 [2015] [internal quotation marks omitted]; see Matter of Eden S. [Joshua S.], 170 AD3d 1580, 1581 [4th Dept 2019], lv denied 33 NY3d 909 [2019]). Here, "the court properly proceeded in the father's absence in order to provide the children with a prompt and permanent adjudication" (Eden S., 170 AD3d at 1581 [internal quotation marks omitted]). Although the father was not present on the first day of the hearing, he was able to assist his attorney in cross-examining the mother after she testified during her case-in-chief, and in cross-examining a caseworker during her continued testimony on the second day of the hearing; the court balanced the need for a prompt adjudication with the father's interests in its evidentiary rulings by, inter alia, denying petitioner's application to play an exhibit on the first day of the hearing when the father was not present; and the father's attorney "represented his interests at the hearing" (id.). Thus, the father "failed to demonstrate that he suffered any prejudice as a result of his absence" (id.).
Finally, contrary to the father's contention, the court did not abuse its discretion in denying his request for a suspended judgment (see Matter of David W., Jr. [David W., Sr.], 129 AD3d 1461, 1461 [4th Dept 2015]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court