■ In the Matter of MICHAEL C. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; ANGEL R.-C. et al., Appellants. (Proceeding No. 1.) In the Matter of JOHNATHON C., Appellant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SER-

VICES et al., Respondents; ANGEL R.-C. et al., Appellants. (Proceeding No. 2.) In the Matter of SARAH C., Appellant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; ANGEL R.-C. et al., Appellants. (Proceeding No. 3.) In the Matter of SHOSHANA C., Appellant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; ANGEL R.-C. et al., Appellants. (Proceeding No. 4.) In the Matter of JOSHUA C., Appellant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; ANGEL R.-C. et al., Appellants. (Proceeding No. 5.) In the Matter of CALEB C. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; ANGEL R.-C. et al., Appellants. (Proceeding No. 6.) In the Matter of LEAH C. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; ANGEL R.-C. et al., Appellants. (Proceeding No. 7.) [771 NYS2d 397]—In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father Angel R.-C., and the mother Rosa R.-C., appeal, and the children Johnathon C., Sarah C., Shoshana C., and Joshua C., separately appeal, as limited by their respective briefs, from so much of an order of the Family Court, Rockland County (Garvey, J.), entered September 18, 2002, as, after a dispositional hearing, revoked the suspended judgment of the same court dated September 25, 2001, terminated the parental rights of the mother and father, and transferred guardianship and custody of Johnathon C., Sarah C., Shoshana C., and Joshua C. to the Rockland County Department of Social Services.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court may revoke a suspended judgment after a violation hearing upon a finding supported by a preponderance of the evidence that the parents failed to comply with one or more of its conditions (*see Matter of Judith D.,* 307 AD2d 311 [2003]). Here, the parents admitted that they failed to satisfy certain conditions of the suspended judgment, and the additional evidence adduced at the dispositional hearing supports the Family Court's determination that termination of their parental rights was in the best interests of the subject children (*see Matter of Judith D., supra; Matter of Brandon W.,* 262 AD2d 644 [1999]; *Matter of W. Children,* 226 AD2d 385 [1996]).

The appellants' remaining contention is without merit. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.