In the Matter of ERNESTO THOMAS A. NEW YORK FOUND-LING HOSPITAL et al., Respondents; CHRISTINE Y., Appellant. [772 NYS2d 708]—

In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate the mother's parental rights on the ground that she is presently and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for the subject child, and on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Richmond County (Porzio, J.), dated November 20, 2001, as, upon a fact-finding order of the same court also dated November 20, 2001, made after a hearing, finding that she is presently and for the foreseeable future unable to provide for the child by reason of mental illness and determining that she permanently neglected the child, terminated her parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption. The appeal brings up for review so much of the fact-finding order dated November 20, 2001, as found that the mother is presently and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for the subject child.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the testimony by the petitioner's expert as to the ultimate issue in this case, i.e., that the mother is presently and for the foreseeable future unable to adequately care for the subject child due to her mental illness, was clearly admissible (*Matter of Antonio Tyrone B.*, 298 AD2d 128 [2002]).

The petitioner agency established by clear and convincing ev-

idence that the mother is presently and for the foreseeable future unable to provide proper and adequate care for the subject child by reason of her mental illness (*see* Social Services Law § 384-b [3] [g]; [4] [c]; [6] [a]; *Matter of Hime Y.,* 52 NY2d 242 [1981]). After interviewing the mother, reviewing her records, and observing her interaction with the child, the court-appointed psychiatrist testified that the mother suffered from a mental disease and, based on the nature of the illness, the severity of the symptoms and the mother's noncompliance with and refusal to seek treatment, reached her conclusion, which was not rebutted by any opposing expert testimony and was corroborated by the credible evidence (*Matter of Pariis L.,* 286 AD2d 501, 501-502 [2001]). The mother does not challenge on appeal the permanent neglect finding entered against her.

There is no merit to the mother's contention that the Family Court should have ordered a suspended judgment. A suspended judgment is a dispositional alternative upon a finding of permanent neglect (*see* Family Ct Act § 631). "There is no statutory provision providing for a suspended judgment when parental rights are terminated based on mental illness (*see,* Social Services Law § 384-b [3] [g]; [4] [c])" (*Matter of Dionne W.,* 267 AD2d 1096, 1097 [1999]).

In any event, given the evidence at the dispositional hearing showing the mother's continuing inability to attend and complete a therapy program, "the suspended judgment she sought would not be in the child's best interests" (*Matter of Yvonne Cecilea Y.,* 293 AD2d 423, 424 [2002]). Further, it was in the child's best interest to terminate the mother's parental rights and free him for adoption by his foster parents. The mother had no realistic and feasible plan to provide an adequate and stable home for the subject child, she lacked insight into her need for continued treatment as reported by the court appointed psychiatrist, and the child has bonded with his foster parents, with whom he has lived almost his entire life, and who have provided him with a stable, adequate, and loving home (*see Matter of Marie J.,* 307 AD2d 265 [2003]; *Matter of Yvonne Cecilea Y., supra; Matter of Latasha W.,* 268 AD2d 340 [2000]; *Matter of Latesha Nicole M.,* 219 AD2d 521 [1995]).

The mother's remaining contention is without merit. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.