■ In the Matter of RICKY JOSEPH V., Also Known as RICKY J. SAINT DOMINIC's HOME et al., Respondents; LUIS ANTONIO V., Appellant. [808 NYS2d 320]—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of disposition of the Family Court, Kings County (Freeman, J.), dated August 20, 2004, which, upon granting the motion of the petitioner Saint Dominic's Home, after a hearing, for a determination that he violated the terms of a suspended judgment of the same court dated October 27, 2001, and after a dispositional hearing, terminated his parental rights and transferred custody and guardianship of the subject child to the petitioners Saint Dominic's Home and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions (*see Matter of Aaron S.*, 15 AD3d 585 [2005]; *Matter of Judith D.*, 307 AD2d 311 [2003]). Evidence at the violation hearing established that the father failed to satisfy a condition of the suspended judgment during the one-year term (*see Matter of Onelio Olvein Elijah Vidal Ondalis Santiago C.*, 13 AD3d 95 [2004]; *Matter of Terry L.G.*, 6 AD3d 1144 [2004]; *see also Matter of Star Leslie W.*, 63 NY2d 136, 143 [1984]). Contrary to the father's contention, the Family Court providently exercised its discretion in declining to extend the suspended judgment for an additional year (*see* Family Ct Act § 633 [b]; *Matter of Onelio Olvein Elijah Vidal Ondalis Santiago C., supra*).

The evidence adduced at the dispositional hearing supported the Family Court's finding that termination of the father's parental rights was in the best interests of the child (*see* Social Services Law § 384-b [1] [b]; [4] [d]; Family Ct Act § 631; *Matter of Michael B.*, 80 NY2d 299 [1992]; *Matter of Star Leslie W., supra* at 147-148; *Matter of Tiffany A.*, 242 AD2d 709 [1997]). Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.