■ In the Matter of CHRISTYN ANN D. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLOTTE D. et al., Appellants. (Proceeding No. 1.) In the Matter of STEFANIE LYNN D. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLOTTE D. et al., Appellants. (Proceeding No. 2.) [811 NYS2d 94]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, and the father separately appeals, from (1) an order of disposition of the Family Court, Suffolk County (Spinner, J.), entered March 29, 2004, which, inter alia, determined that they failed to comply with the terms and conditions of a suspended judgment of the same court dated June 27, 2003, terminated their parental rights, and transferred guardianship and custody of the subject children to the Commissioner of the Suffolk County Department of Social Services for purposes of adoption, and (2) an order of the same court also entered March 29, 2004, which extended the period of temporary placement of the subject children from January 23, 2004, to February 23, 2004. Assigned counsel for the father has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the appeals from the order which extended the period of temporary placement of the subject children from January 23, 2004, to February 23, 2004, are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appeals from the order which, among other things, extended the period of temporary placement of the subject children from January 23, 2004, to February 23, 2004, have been rendered academic, as that order expired by its own terms and was replaced by subsequent orders extending the period of temporary placement from which no appeals were taken (*see Matter of Anthony O.,* 22 AD3d 670 [2005]; *Matter of G. Children,* 293 AD2d 470 [2002]).

The Family Court's finding that the mother failed to substantially comply with the terms and conditions of the suspended judgment was supported by the weight of the evidence. The findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity (*see Eschbach v Eschbach,* 56 NY2d 167, 173 [1982]; *Matter of Walsh*

*v Badick,* 23 AD3d 487 [2005]). In order for a court to determine that there was compliance with a suspended judgment, a parent must demonstrate that progress has been made to overcome the specific problems which led to the removal of the children (*see Matter of Frederick MM.,* 23 AD3d 951, 953 [2005]). Here, the mother failed to demonstrate that she had made any progress to overcome the problems which led to the removal of her children. Although she attended one session of court-ordered therapy in May 2003, she was not willing to accept any responsibility for the injuries to her daughter. After the initial therapy session, the mother did not attempt to make another appointment with the therapist until late October 2003, even after receiving a letter from the therapist in June expressing the therapist's willingness to continue therapy.

The mother's contention that the Family Court failed to make any determination as to the children's best interests is without merit. In a proper case, the Family Court may enforce a suspended judgment without the need for a separate dispositional hearing where the court has presided over prior proceedings from which it has become acquainted with the parties and the record shows that the court was aware of and considered the children's best interests (*see Matter of Jordan Amir B.,* 15 AD3d 477 [2005]). Here, the Family Court presided over the prior proceedings and was familiar with the parties. The Family Court had already considered the children's best interests in issuing the order suspending judgment, and indicated to both parents that their parental rights could be terminated if they failed to comply with the conditions set forth in that order (*see Matter of Cameron S.H.,* 273 AD2d 884 [2000]; *Matter of Grace Q.,* 200 AD2d 894 [1994]).

We have reviewed the record and agree with the father's assigned counsel that there are no nonfrivolous issues which could be raised on his appeal. Counsel's application for leave to withdraw as counsel to the father is granted (*see Anders v California, supra; Matter of Christina B.,* 8 AD3d 373 [2004]).

The father has not raised any nonfrivolous issues in his supplemental pro se brief. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.