■ In the Matter of QUADELL DONNILE G., Also Known as QUADELL G. CHILD DEVELOPMENT SUPPORT CORPORATION, Respondent; LATASCHA G., Appellant. (Proceeding No. 1.) In the Matter of FANTASHIA EILEEN DORETHA G., Also Known as FANTASIA G. CHILD DEVELOPMENT SUPPORT CORPORATION, Respon-

dent; LATASCHA G., Appellant. (Proceeding No. 2.) [827 NYS2d 874]—In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights, inter alia, on the ground of permanent neglect, the mother appeals from two orders of disposition of the Family Court, Kings County (Lim, J.) (one as to each child), both dated September 8, 2005, which determined that she failed to comply with the terms and conditions of an "order of suspended judgment, disposition, adjudication, findings of fact, and conclusions of law" of the same court dated April 4, 2005, terminated her parental rights, and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and to the petitioner, Child Development Support Corporation, for the purpose of adoption.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Contrary to the mother's contention, the petitioner showed, by a preponderance of the evidence, that the mother had violated the terms and conditions of the "order of suspended judgment, disposition, adjudication, findings of fact, and conclusion of law" dated April 4, 2005 (*see Matter of Angela LL.,* 287 AD2d 823, 824 [2001]; *see also Matter of Christyn Ann D.,* 26 AD3d 491, 493 [2006]).

Furthermore, the mother's contention that the Family Court failed to make any determination as to the children's best interests is without merit. The Family Court had already considered the children's best interests in issuing "the order of suspended judgment, disposition, adjudication, findings of fact, and conclusions of law" dated April 4, 2005 (*see Matter of Christyn Ann D., supra*). Crane, J.P., Rivera, Goldstein and McCarthy, JJ., concur.