■ In the Matter of CRYSTALLYN L. MERCYFIRST et al., Respondents; FLOR L., Appellant. [835 NYS2d 912]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Elkins, J.), dated May 26, 2006, as, in effect, upon granting the petitioner's motion, after fact-finding and dispositional hearings, found that he violated the terms of a suspended judgment of the same court dated September 14, 2004, and terminated his parental rights and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court may revoke a suspended judgment if it finds, by a preponderance of the evidence, that the parent failed to comply with one or more of the conditions of the suspended judgment (see Matter of Ricky Joseph V., 24 AD3d 683 [2005]). Contrary to the father's contention, the petitioner established by a preponderance of the evidence that he violated the terms and conditions of the suspended judgment during its one-year term when he, inter alia, failed to keep the petitioner apprised of his current address.

Moreover, the evidence adduced at the dispositional hearing supported the Family Court's finding that termination of the father's parental rights was in the best interests of the child (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). Miller, J.P., Ritter, Santucci and Florio, JJ., concur.