■ In the Matter of DARREN V., a Child Alleged to be Permanently Neglected. ORANGE COUNTY DEPARTMENT OF SO-CIAL SERVICES, Respondent; LORI W. et al., Appellants. (Proceeding No. 1.) In the Matter of DEVAN V., a Child Alleged to be Permanently Neglected. ORANGE COUNTY DEPARTMENT OF SO-CIAL SERVICES, Respondent; LORI W. et al., Appellants. (Proceeding No. 2.) [878 NYS2d 171]—

In related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the mother appeals, and the father separately appeals, from an order of disposition of the Family Court, Orange County (Currier-Woods, J.), dated August 31, 2007, which, after a hearing, revoked a suspended judgment of the same court (Kiedaisch, J.) dated September 13, 2005, as extended by an order of the same court dated April 26, 2006, upon a determination that they violated the terms and conditions thereof, terminated their parental rights, and transferred the custody and guardianship of the subject children to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

If a neglectful parent has failed to comply with the terms and conditions of a suspended judgment, the Family Court is permitted to terminate his or her parental rights as long as noncompliance has been demonstrated by a preponderance of the evidence

(*see Matter of James E.,* 17 AD3d 871, 873-874 [2005]; *Matter of Jonathan P.,* 283 AD2d 675, 676 [2001]; *Matter of Kaleb U.,* 280 AD2d 710, 712 [2001]). When determining compliance with a suspended judgment, it is the parent's obligation to "demonstrate that progress has been made to overcome the specific problems which led to the removal of the child" (*Matter of Jennifer VV.,* 241 AD2d 622, 623 [1997]; *see Matter of Frederick MM.,* 23 AD3d 951, 953 [2005]; *Matter of James E.,* 17 AD3d at 874). Significantly, "[a] parent's attempt to comply with the literal provisions of the suspended judgment is not enough" (*Matter of Jennifer VV.,* 241 AD2d at 623). Moreover, compliance with the terms of a suspended judgment may, but does not necessarily, lead to dismissal of the termination petition (*see Matter of Michael B.,* 80 NY2d 299, 311 [1992]; *Matter of Jonathan B.,* 5 AD3d 477, 479 [2004]; *Matter of Saboor C.,* 303 AD2d 1022, 1023 [2003]).

Here, while the appellants made some efforts to comply with the conditions of the suspended judgment, the Family Court properly determined that they failed to show the required progress in certain problem areas (*see Matter of Michael B.,* 80 NY2d at 311; *Matter of Jennifer VV.,* 241 AD2d at 623; *Matter of Frederick MM.,* 23 AD3d at 953; *Matter of James E.,* 17 AD3d at 874). Specifically, the Family Court correctly determined that the appellants' failure to attend four of six possible visits during a six-week period constituted a violation of one of the terms of the suspended judgment, which required them to attend "90% of all scheduled visitation" during the period of the suspended judgment. Further, the evidence also demonstrated that the parents failed to attend the majority of school and doctor appointments pertaining to the subject children.

Based on the foregoing, the appellants failed to demonstrate that progress had been made to overcome one of the specific problems which led to the removal of the subject children, that is, their failure to maintain contact with the children so as to demonstrate their ability to take full responsibility as the children's primary caretakers (*see Matter of Jennifer VV.,* 241 AD2d at 623; *Matter of Kenneth A.,* 206 AD2d 602, 604 [1994]). The evidence presented at the violation hearing demonstrated by a preponderance of the evidence that the appellants failed to satisfy certain conditions of the suspended judgment (*see Matter of Carolyn F.,* 55 AD3d 832 [2008]; *Matter of Aaron S.,* 15 AD3d 585, 586 [2005]). Accordingly, revocation of the suspended judgment was warranted (*see Matter of Michael C.,* 4 AD3d 423, 424 [2004]; *Matter of Francisco Anthony C.F.,* 305 AD2d 410 [2003]; *Matter of Judith D.,* 307 AD2d 311 [2003]).

We reject the appellants' contention that the Family Court failed to conduct a dispositional hearing since "a hearing on a petition alleging the violation of a suspended judgment is part of the dispositional phase of a permanent neglect proceeding" (*Matter of Saboor C.*, 303 AD2d at 1023; *see Matter of Seandell L.*, 57 AD3d 1511 [2008]). Thus, the Family Court may enforce a suspended judgment without the need for a separate dispositional hearing, particularly where, as here, the court has presided over prior proceedings from which it became acquainted with the parties, and the record shows that the court was aware of and considered the children's best interests (*see Matter of Christyn Ann D.*, 26 AD3d 491, 493 [2006]; *Matter of Seandell L.*, 57 AD3d at 1511; *Matter of Jordan Amir B.*, 15 AD3d 477, 479 [2005]). In freeing the children for adoption, the Family Court properly considered the best interests of Darren V. and Devan V., born in 2002 and 2003, respectively, including that they have spent all or substantially all of their lives in foster care, and the appellants have not demonstrated their ability to ameliorate the problems that led to their placement (*see Matter of Daevon Lamar P.*, 48 AD3d 469, 470 [2008]; *Matter of Jennifer R.*, 29 AD3d 1005, 1007 [2006]; *Matter of Kianna Maria L.*, 26 AD3d 166, 167 [2006]). Thus, the evidence supports the further determination of the Family Court that termination of the appellants' parental rights is in the children's best interests (*see* Family Ct Act § 631; Social Services Law § 384-b [1] [b]; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Joshua T.*, 25 AD3d 806, 807 [2006]; *Matter of Carlos D.* 24 AD3d 1263 [2005]; *Matter of Aaron S.*, 15 AD3d 585, 586 [2005]; *see also Matter of Michael C.*, 4 AD3d 423, 424 [2004]). Skelos, J.P., Fisher, Miller and Eng, JJ., concur.