■ In the Matter of NICHOLAS S. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RHONDA S., Appellant. [910 NYS2d 362]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of disposition of the Family Court, Westchester County (Duffy, J.), dated June 26, 2009, which, after a hearing, and upon granting the petition of the Westchester County Department of Social Services for a determination that she violated the terms of a suspended judgment of the same court dated March 24, 2008, terminated her parental rights and transferred the custody and guardianship of the subject child to the petitioner, Westchester County Department of Social Services, for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Westchester County Department of Social Services (hereinafter the County) filed a petition against the mother, alleging

that she had permanently neglected the subject child. In an order of disposition dated March 24, 2008, the Family Court suspended judgment upon the mother's consent to a finding of permanent neglect, and imposed conditions that the mother complete a parenting skills program, that she undergo psychiatric evaluations, and that she have weekly supervised visitations with the subject child. On July 10, 2008, the County filed a petition alleging that the mother had failed to comply with the terms of the suspended judgment. At the ensuing hearing, evidence was adduced that the mother failed to complete a parenting skills program, that she attended only two out of six psychiatric counseling appointments, and that she missed at least three of her scheduled visitations with her son.

In a subsequent order of disposition dated June 26, 2009, the Family Court, upon finding that the mother violated the terms of the order of disposition of March 24, 2008, that the child was a permanently neglected child, and that the best interests of the child required that the mother's parental rights be terminated and the child be freed for adoption, terminated the mother's parental rights, freed the child for adoption, and transferred custody of the child to the Westchester County Department of Social Services for the purpose of adoption. The mother appeals.

"The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions" (*Matter of Ricky Joseph V.*, 24 AD3d 683, 684 [2005]; *see Matter of Aaron S.*, 15 AD3d 585, 586 [2005]; *Matter of Gerald M.*, 112 AD2d 6 [1985]). Here, the Family Court properly found, by a preponderance of the evidence, that the mother had failed to comply with three of the conditions of the suspended judgment, and it thus properly granted the petition to revoke the suspended judgment and terminate the mother's parental rights.

At a dispositional hearing after a finding of permanent neglect, the Family Court must make its determination based upon the best interests of the child (*see* Family Ct Act § 631; *Matter of Ashey Lorraine R.*, 22 AD3d 671, 672 [2005]; *Matter of Crystal C.*, 219 AD2d 601, 602 [1995]). Here, we find no basis in the record to disturb the Family Court's determination that it was in the best interests of the child to terminate the mother's parental rights and free the child for adoption.

The mother's remaining contentions are without merit. Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.