■ In the Matter of ANTOINNE T. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; APRIL T., Appellant. [919 NYS2d 528]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of abandonment, the mother appeals from an order of disposition of the Family Court, Suffolk County (Whelan, J.), dated May 14, 2010, which, after a violation hearing, revoked an order entitled "Findings of Fact, Conclusions of Law, and Order of Disposition-Suspended Judgment" of the same court dated July 1, 2009, upon a determination that she violated the terms and conditions thereof, terminated her parental rights, and transferred the custody and guardianship of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

This proceeding was commenced pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of abandonment. After a fact-finding hearing, the Family Court determined that the mother abandoned the subject child. After a dispositional hearing, the Family Court determined that the best interests of the child required a disposition

suspending judgment and it issued an order entitled "Findings of Fact, Conclusions of Law, and Order of Disposition-Suspended Judgment" dated July 1, 2009.

Thereafter, a petition was filed alleging that the mother violated the terms and conditions of the order dated July 1, 2009, and the Family Court held a violation hearing. Upon determining that the mother violated the terms and conditions of the order dated July 1, 2009, the Family Court revoked that order, terminated the mother's parental rights with respect to the subject child, and transferred the custody and guardianship of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

The order dated July 1, 2009, was properly revoked since the petitioner demonstrated at the violation hearing that the mother violated its terms and conditions (*see Matter of Darren V.*, 61 AD3d 986 [2009]; *Matter of Michael Phillip T.*, 44 AD3d 1062 [2007]; *Matter of Ricky Joseph V.*, 24 AD3d 683, 684 [2005]; *Matter of Aaron S.*, 15 AD3d 585, 586 [2005]; *accord* Family Ct Act § 633 [f]).

Contrary to the mother's contention, under the circumstances, the Family Court providently exercised its discretion in determining that a separate dispositional hearing was not required before terminating the mother's parental rights (*see Matter of Robert A.G.*, 62 AD3d 701 [2009]; *Matter of Miguel K.*, 1 AD3d 438, 439 [2003]; *Matter of Shawn P. [Endell P.]*, 1 AD3d 519 [2003]; *Matter of Tashara B.*, 299 AD2d 356 [2002]; *Matter of Alex MM.*, 260 AD2d 675 [1999]; *see also Matter of Darren V.*, 61 AD3d at 988). Accordingly, the Family Court properly terminated the mother's parental rights with respect to the subject child and transferred the custody and guardianship of the subject child to the Suffolk County Department of Social Services for the purpose of adoption. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.