In the Matter of JAHQUAVIUS W. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; QUANTERIA H., Appellant. (Proceeding No. 1.) In the Matter of JEREMIAH W. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; QUANTERIA H., Appellant. (Proceeding No. 2.) [926 NYS2d 905]—

"The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions" (*Matter of Nicholas S. [Rhonda S.]*, 78 AD3d 841, 842 [2010] [internal quotation marks omitted]; *see Matter of Ayame O.-M.*, 63 AD3d 1069, 1070 [2009]). "When determining compliance with a suspended judgment, it is the parent's obligation to demonstrate that progress has been made to overcome the specific problems which led to the removal of the child. Significantly, a parent's attempt to comply with the literal provisions of the suspended judgment is not enough" (*Matter of Darren V.*, 61 AD3d 986, 987 [2009] [citations, internal quotation marks and brackets omitted]; *see Matter of Jennifer VV.*, 241 AD2d 622, 623 [1997]). Here, the Family Court properly found, by a preponderance of the evidence, that the mother failed to comply with three of the conditions of the suspended judgment, and it, thus, properly granted the petition to revoke the suspended judgment and terminate the mother's parental rights (*see Matter of Antoinne T. [April T.]*, 83 AD3d 721 [2011]; *Matter of Nicholas S. [Rhonda S.]*, 78 AD3d at 842; *Matter of Ayame O.-M.*, 63 AD3d at 1070; *Matter of Darren V.*, 61 AD3d at 986-987). Skelos, J.P., Belen, Hall and Roman, JJ., concur.