■ In the Matter of CARMEN C. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARITA N., Appellant. (Proceeding No. 1.) In the Matter of IDA R. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARITA N., Appellant. (Proceeding No. 2.) In the Matter of JUAN R. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARITA N., Appellant. (Proceeding No. 3.) In the Matter of MIGUEL

R. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARITA N., Appellant. (Proceeding No. 4.) [944 NYS2d 214]—

In related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of the Family Court, Orange County (Bivona, J.), dated March 31, 2011, which, after a hearing, revoked a suspended judgment contained in an order of disposition of the same court dated January 14, 2010, upon a determination that she violated the terms and conditions thereof, and terminated her parental rights.

Ordered that the order dated March 31, 2011, is affirmed, without costs or disbursements.

These proceedings were commenced pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate the mother's parental rights to the four subject children on the ground of permanent neglect. After a fact-finding and dispositional hearing, the Family Court found that the mother had permanently neglected the subject children, determined that the best interests of the children would not be served by their return to the mother, and terminated the mother's parental rights, but suspended the judgment as long as the mother strictly complied with the terms and conditions of the order of disposition. The mother was required, inter alia, to maintain a minimum attendance rate of 95% of all scheduled sessions of her drug and alcohol treatment program, until successfully discharged, and to participate in the Family Support Program.

On August 25, 2010, the Orange County Department of Social Services filed a violation petition alleging that the mother failed to comply with the terms of the suspended judgment. At the ensuing hearing, evidence was adduced that the mother failed to maintain a 95% attendance rate at her drug and alcohol treatment program and had been discharged as a result. She had also been discharged from the Family Support Program for noncompliance.

In the order appealed from, the Family Court, upon determining that the mother violated the terms of the suspended judgment, revoked the suspended judgment and terminated the mother's parental rights. The mother appeals.

A suspended judgment is a dispositional alternative upon a finding of permanent neglect (*see* Family Ct Act § 631; *Matter of*

*Ernesto Thomas A.*, 5 AD3d 380, 381 [2004]). It affords "a brief grace period designed to prepare the parent to be reunited with the child" and provides the parent "a second chance, where the court determines it is in the child's best interests" (*Matter of Michael B.*, 80 NY2d 299, 311 [1992]). "The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions" (*Matter of Ricky Joseph V.*, 24 AD3d 683, 684 [2005]; *see Matter of Jysier E.K.J.L. [Christina D.L.]*, 88 AD3d 792, 793 [2011]; *Matter of Jahquavius W. [Quanteria H.]*, 86 AD3d 576, 577 [2011]; *Matter of Nicholas S. [Rhonda S.]*, 78 AD3d 841, 842 [2010]). " 'When determining compliance with a suspended judgment, it is the parent's obligation to demonstrate that progress has been made to overcome the specific problems which led to the removal of the child. Significantly, a parent's attempt to comply with the literal provisions of the suspended judgment is not enough' " (*Matter of Jahquavius W. [Quanteria H.]*, 86 AD3d at 577, quoting *Matter of Darren V.*, 61 AD3d 986, 987 [2009]).

Here, while the mother made some efforts to comply with the conditions of the suspended judgment, the Family Court correctly determined that the mother's failure to attend certain sessions at her drug and alcohol treatment program constituted a violation of the order of disposition, which required her to attend 95% of all scheduled sessions at the drug and alcohol treatment program until successfully discharged. Further, the mother's discharge from the Family Support Program for nonattendance and noncompliance constituted a violation of the order of disposition, which required the mother to participate in the Family Support Program. Accordingly, the mother failed to demonstrate that progress had been made to overcome one of the specific problems which led to the removal of the subject children, that is, her failure to plan for the return of her children by failing to consistently attend substance abuse treatment sessions. The Family Court properly determined, by a preponderance of the evidence, that the mother failed to comply with certain conditions of the suspended judgment. Thus, the Family Court properly revoked the suspended judgment and terminated the mother's parental rights (*see Matter of Jysier E.K.J.L. [Christina D.L.]*, 88 AD3d at 793; *Matter of Jahquavius W. [Quanteria H.]*, 86 AD3d at 577; *Matter of Antoinne T. [April T.]*, 83 AD3d 721, 722 [2011]; *Matter of Nicholas S. [Rhonda S.]*, 78 AD3d at 842).

Contrary to the mother's contention, under the circumstances of this case, the Family Court providently exercised its discre-

tion in determining that a separate dispositional hearing was not required before terminating the mother's parental rights. The Family Court may enforce a suspended judgment without the need for a separate dispositional hearing, particularly where the court has presided over prior proceedings from which it became acquainted with the parties, and the record shows that the court was aware of and considered the children's best interests (*see Matter of Antoinne T. [April T.]*, 83 AD3d at 722; *Matter of Ayame O.-M.*, 63 AD3d 1069, 1071 [2009]; *Matter of Darren V.*, 61 AD3d at 988; *Matter of Christyn Ann D.*, 26 AD3d 491, 493 [2006]). Skelos, J.P., Florio, Belen and Sgroi, JJ., concur.