In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated October 19, 2011, which, upon an order of the same court dated October 18, 2011, made after a hearing, finding that the mother violated the terms and conditions of a suspended judgment contained in a prior order of fact-finding and disposition of the same court, and revoking the suspended judgment, terminated her parental rights, and committed the guardianship and custody of the children to the petitioner for the purpose of adoption.
Ordered that on the Court’s own motion, the notice of appeal from the order dated October 18, 2011, is deemed a notice of appeal from the order of fact-finding and disposition dated October 19, 2011 (see CPLR 5512 [a]); and it is further,
Ordered that the order of fact-finding and disposition is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the order is vacated, and the matter is remitted to the Family Court, Suffolk County, for a new dispositional hearing and a new disposition thereafter in accordance herewith.
In December 2008, the child Orianna came into the care of the petitioner, the Suffolk County Department of Social Services (hereinafter the DSS), and the DSS filed a neglect petition. In February 2009, the mother gave birth to twin boys, Jalil and Josiah. Three days later, the DSS filed neglect petitions with respect to them, and they were removed from the mother’s care. One month later, findings of neglect on all three petitions were made based on the mother’s admission pursuant to Family Court Act § 1051 (a) and (f). In September 2010, the DSS filed *659 petitions alleging that the mother had permanently neglected the three children by, inter alia, failing to plan for their return from foster care. On January 25, 2011, the mother consented to a finding of permanent neglect, and a suspended judgment for a period of one year was entered. In a permanency hearing order dated January 31, 2011, the mother was directed to comply with the terms of the DSS supervision, including that she “[a]t-tend and participate in psychotherapy/counseling at the direction of the [DSS] and follow all recommended treatment” and “[a]ttend and participate in a parenting skills program at the direction of the [DSS] and follow all recommended treatment.” The permanency plan approved by the Family Court was modified to reunification with the parent by July 12, 2012. The visiting plan was for unsupervised visitation at the discretion of the DSS. As relevant to this appeal, the requirements that the mother take courses with respect to parenting the two younger children, who had been found to have special needs, did not specify when the mother was to begin the classes and did not specify the classes she was to take. The mother was already in therapy, which she continued. Notably, upon entering the suspended judgment, the Family Court complimented the mother for what it termed her “amazing progress.” Six months later, in July 2011, the DSS moved for an order holding the mother in violation of the terms and conditions of the suspended judgment, revoking the suspended judgment, terminating her parental rights, and freeing the three subject children for adoption. In October 2011, after holding a hearing on the DSS’s motion, the court revoked the suspended judgment, terminated the mother’s parental rights, and freed the children for adoption. The mother appeals.
By enacting Family Court Act §§ 631 (b) and 633, the Legislature vested the Family Court with discretion to give a “second chance” (Matter of Michael B., 80 NY2d 299, 311 [1992]) to a parent of a “permanently neglected child” (Family Ct Act § 611; Social Services Law § 384-b [7]), before terminating the parent’s parental rights (see Matter of Michael B., 80 NY2d at 311; Matter of Arianna I. [Roger I.], 100 AD3d 1281, 1283-1284 [2012]). A suspended judgment may be entered only if it is in the best interests of the child (see Family Ct Act § 631; Matter of Eric Z. [Guang Z.], 100 AD3d 646, 648 [2012]). It is not, however, intended to be indefinite, but only to afford the parent “a brief grace period designed to prepare the parent to be reunited with the child” (Matter of Michael B., 80 NY2d at 311). Upon entering an order of disposition suspending judgment, the Family Court “must set forth the duration, terms and conditions of the suspended judgment” (Family Ct Act § 633 *660 [c]). Even after a suspended judgment is entered, the court may revoke it if, after a hearing, it finds by a preponderance of the evidence that the parent failed to comply with one or niore of its conditions (see Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129 [2012]; Matter of Malik S. [Jana M.], 101 AD3d 1776, 1777 [2012]; Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1008 [2012]; Matter of Ricky Joseph V., 24 AD3d 683, 684 [2005]). Moreover, a parent must demonstrate that progress has been made to overcome the specific problems that led to the removal of the children. Mere attempts are not sufficient (see Matter of Darren V., 61 AD3d 986, 987 [2009]; Matter of Jennifer VV., 241 AD2d 622, 623 [1997]).
Here, the evidence at the violation hearing did not establish by a preponderance of the evidence that the mother failed to comply with the terms and conditions of the suspended judgment. Among other things, the evidence demonstrated that the mother had continued in her therapy and was attending a “challenging children” parent training program. Further, the DSS did not sufficiently specify what was expected of the mother with respect to attendance at certain physical and speech therapy appointments for the two younger children to support the Family Court’s finding that her limited attendance at these appointments violated the terms or conditions of the suspended judgment (cf. Matter of Carmen C. [Margarita N.], 95 AD3d at 1008). The court was properly concerned about an incident in the courthouse during which the mother became very agitated when she believed that her parental rights would be terminated. The record demonstrates, however, that, contrary to the testimony of the caseworker, the mother had complied with his recommendation that she address the episode in her therapy. Finally, the terms and conditions did not specify by when the mother was to have enrolled in or completed the classes pertaining to the special needs of the younger children (cf. id.; Matter of Darren V., 61 AD3d at 987). Given the DSS’s failure to prove that the mother had violated the terms and conditions of the suspended judgment, the court erred in revoking that suspended judgment.
Nevertheless, given the passage of more than 15 months since the Family Court revoked the now-expired suspended judgment, we remit the matter to the Family Court, Suffolk County, for a new dispositional hearing to ascertain whether, in light of the mother’s present circumstances and those of the children, a suspended judgment would be in the best interests of the children, and a new disposition thereafter. A suspended judgment should not be entered if the best interests of the children would *661 require a termination of parental rights (see Matter of Christopher Lee B., 65 AD3d 549, 550 [2009]; Matter of Christopher C., 58 AD3d 622, 624 [2009]; Matter of Shaquill Dywon M., 50 AD3d 1142, 1145 [2008]; Matter of Antonette Alaska E., 8 AD3d 375, 376 [2004]).
The mother’s remaining contention is without merit. Balkin, J.P., Hall, Austin and Cohen, JJ., concur.