In two related proceedings pursuant to Family Court Act article 6 and Social Services Law § 384-b to terminate the father’s parental rights on the ground of permanent neglect, the father appeals from two orders of fact-finding and disposition of the Family Court, Suffolk County (Budd, J.) (one as to each child), both dated April 17, 2012, which, upon an order of *535 the same court also dated April 17, 2012, made after a hearing, finding that the father had violated the terms and conditions of a suspended judgment contained in a prior order of fact-finding and disposition of the same court dated December 18, 2008, and revoking the suspended judgment, terminated his parental rights, and committed the guardianship and custody of the subject children to the petitioner for the purpose of adoption.
Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The Family Court may revoke a suspended judgment after a hearing if it finds, by a preponderance of the evidence, that the parent failed to comply with one or more of its conditions (see Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658, 660 [2013]; Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129 [2012]; Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1008 [2012]). “When determining compliance with a suspended judgment, it is the parent’s obligation to demonstrate that progress has been made to overcome the specific problems which led to the removal of the children] ... [A] parent’s attempt to comply with the literal provisions of the suspended judgment is not enough” (Matter of Carmen C. [Margarita IV.7, 95 AD3d at 1008 [internal quotation marks omitted]; see Matter of Jahquavius W. [Quanteria H.], 86 AD3d 576, 577 [2011]; Matter of Darren V., 61 AD3d 986, 987 [2009]).
Here, the agency established by a preponderance of the evidence that the father failed to comply with the terms and conditions of the suspended judgment requiring him, inter alia, to regularly attend and participate in substance abuse treatment and to visit consistently with the children. Accordingly, the Family Court properly revoked the suspended judgment, terminated the father’s parental rights, and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.
The father’s remaining contentions are without merit. Rivera, J.P., Skelos, Chambers and Austin, JJ., concur.