◼ In the Matter of MASHLAI D.M. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JALISA R.D., Appellant. [971 NYS2d 900]—

In a proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Westchester County (Schauer, J.), entered September 17, 2012, as, after a hearing, in effect, revoked a suspended judgment contained in an order of disposition of the same court entered May 2, 2011, upon a determination that she violated the terms and conditions thereof, and, after a dispositional hearing, terminated her parental rights and transferred the guardianship and custody of the subject child to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the order entered September 17, 2012, is affirmed insofar as appealed from, without costs or disbursements.

The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its

conditions (*see Matter of Jalil U. [Rachel L.-U.]*, 103 AD3d 658, 660 [2013]; *Matter of Chanteau M.R.W. [Pamela R.B.]*, 101 AD3d 1129 [2012]; *Matter of Carmen C. [Margarita N.]*, 95 AD3d 1006, 1008 [2012]). Here, the Family Court properly found, by a preponderance of the evidence, that the mother failed to comply with at least one of the conditions of the suspended judgment issued in this matter during the one-year term of the suspended judgment (*see Matter of Chanteau M.R.W. [Pamela R.B.]*, 101 AD3d at 1129; *Matter of Carmen C. [Margarita N.]*, 95 AD3d at 1008; *Matter of Darren V.*, 61 AD3d 986, 987 [2009]).

Further, the evidence adduced at the dispositional hearing supported the Family Court's determination that it was in the best interests of the child to terminate the mother's parental rights and free the child for adoption (*see* Family Ct Act § 631; *Matter of Chanteau M.R.W. [Pamela R.B.]*, 101 AD3d at 1129; *Matter of Carmen C. [Margarita N.]*, 95 AD3d at 1008; *Matter of Darren V.*, 61 AD3d at 987).

The mother's remaining contentions are without merit. Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.