■ In the Matter of NAYDIA A.B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JESSICA C., Appellant. [987 NYS2d 81]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Richmond County (Wolff, J.), dated August 27, 2012, which, upon an order of the same court dated August 1, 2012, made after a hearing, finding that she failed to comply with the terms and conditions of an order of suspended judgment of the same court dated July 2, 2010, revoked the suspended judgment, terminated her parental rights, and committed the guardianship and custody of the subject child to the petitioner for the purpose of adoption.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be a notice of appeal from the order of fact-finding and disposition (*see* CPLR 5512 [a]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court may revoke a suspended judgment after a hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions (*see Matter of Mashlai D.M. [Jalisa R.D.],* 110 AD3d 813 [2013]; *Matter of Jalil U. [Rachel L.-U.],* 103 AD3d 658, 660 [2013]; *Matter of Chanteau M.R.W. [Pamela R.B.],* 101 AD3d 1129 [2012]; *Matter of Carmen C. [Margarita N.],* 95 AD3d 1006, 1008 [2012]). Here, the Family Court properly found, by a

preponderance of the evidence, that the mother failed to comply with at least one of the conditions of the suspended judgment issued in this matter during the one-year term of the suspended judgment (*see Matter of Mashlai D.M. [Jalisa R.D.]*, 110 AD3d at 813; *Matter of Chanteau M.R.W. [Pamela R.B.]*, 101 AD3d at 1129; *Matter of Carmen C. [Margarita N.]*, 95 AD3d at 1008; *Matter of Darren V.*, 61 AD3d 986, 987 [2009]).

Further, the evidence adduced at the hearing supported the Family Court's determination that it was in the best interests of the subject child to terminate the mother's parental rights and free the child for adoption (*see* Family Ct Act § 631; *Matter of Mashlai D.M. [Jalisa R.D.]*, 110 AD3d at 813; *Matter of Chanteau M.R.W. [Pamela R.B.]*, 101 AD3d at 1129; *Matter of Carmen C. [Margarita N.]*, 95 AD3d at 1008; *Matter of Darren V.*, 61 AD3d at 987). Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.