█ In the Matter of KAI G. NEW ALTERNATIVES FOR CHILDREN, INC., Respondent; JANICE K., Also Known as JANICE M., et al., Appellants. [2 NYS3d 922]—

Appeals from an order of the Family Court, Richmond County (Arnold Lim, J.), dated August 14, 2013. The order, in effect, revoked a suspended judgment, and terminated the parental rights of the mother and the father.

Ordered that the order is affirmed, without costs or disbursements.

This proceeding was commenced to terminate the parental rights of the mother and the father of the subject child on the grounds of permanent neglect and mental illness as defined in Social Services Law § 384-b. During a hearing, the parents admitted to permanent neglect, and the Family Court suspended judgment. Upon finding that each parent violated the terms of the suspended judgment, the Family Court, in effect, revoked the suspended judgment, and terminated their parental rights.

The Family Court properly found, by a preponderance of the evidence, that the parents had failed to comply with certain conditions of the suspended judgment and thus, properly, in ef-

fect, revoked the suspended judgment, and terminated their parental rights (*see Matter of Jysier E.K.J.L. [Christina D.L.]*, 88 AD3d 792, 793 [2011]; *Matter of Jahquavius W. [Quanteria H.]*, 86 AD3d 576 [2011]; *Matter of Antoinne T. [April T.]*, 83 AD3d 721, 722 [2011]; *Matter of Nicholas S. [Rhonda S.]*, 78 AD3d 841 [2010]).

Contrary to the parents' further contentions, under the circumstances of this case, the Family Court providently exercised its discretion in determining that a separate dispositional hearing was not required before terminating their parental rights. The Family Court may enforce a suspended judgment without the need for a separate dispositional hearing, particularly where, as here, the court has presided over prior proceedings from which it became acquainted with the parties, and the record shows that the court was aware of and considered the child's best interests (*see Matter of Timmia S. [Timmie S.]*, 111 AD3d 838 [2013]; *Matter of Antoinne T. [April T.]*, 83 AD3d 721 [2011]; *Matter of Ayame O.-M.*, 63 AD3d 1069, 1071 [2009]; *Matter of Darren V.*, 61 AD3d 986, 988 [2009]; *Matter of Christyn Ann D.*, 26 AD3d 491, 493 [2006]). Mastro, J.P., Dillon, Hall and Miller, JJ., concur.