In the Matter of JEREMIAH J.W. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TIONNA W., Appellant. [22 NYS3d 215]—

Appeals from (1) an order of the Family Court, Suffolk County (David Freundlich, J.), dated September 15, 2014, and (2) an order of fact-finding and disposition of that court, also dated September 15, 2014. The order, after a hearing, deter-

mined that the mother violated the terms of a suspended judgment dated May 1, 2014, and revoked the suspended judgment in the best interests of the subject child. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights to the child, and transferred guardianship and custody of the child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order and the order of fact-finding and disposition are affirmed, without costs or disbursements.

The Family Court may revoke a suspended judgment after a hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions (*see Matter of Mashlai D.M. [Jalisa R.D.]*, 110 AD3d 813 [2013]; *Matter of Jalil U. [Rachel L.-U.]*, 103 AD3d 658, 660 [2013]; *Matter of Chanteau M.R.W. [Pamela R.B.]*, 101 AD3d 1129 [2012]; *Matter of Carmen C. [Margarita N.]*, 95 AD3d 1006, 1008 [2012]). Here, the Family Court properly found, by a preponderance of the evidence, that the mother failed to comply with at least one of the conditions of the suspended judgment issued in this matter during the one-year term of the suspended judgment (*see Matter of Mashlai D.M. [Jalisa R.D.]*, 110 AD3d at 813; *Matter of Chanteau M.R.W. [Pamela R.B.]*, 101 AD3d at 1129; *Matter of Carmen C. [Margarita N.]*, 95 AD3d at 1008; *Matter of Darren V.*, 61 AD3d 986, 987 [2009]). Any error in admitting the mother's probation report into evidence was harmless, as the finding that she failed to comply with the conditions of the suspended judgment was supported by admissible evidence, including her own testimony.

Further, the Family Court properly determined that it was in the best interests of the subject child to terminate the mother's parental rights and free the child for adoption (*see* Family Ct Act § 631; *Matter of Mashlai D.M. [Jalisa R.D.]*, 110 AD3d at 813; *Matter of Chanteau M.R.W. [Pamela R.B.]*, 101 AD3d at 1129). The mother's contention that the matter should be remitted to the Family Court for a separate best interests hearing is without merit. Here, the court conducted numerous permanency hearings on behalf of the child, conducted a full fact-finding hearing on the permanent neglect petition against the mother, and was well aware of the child's circumstances, issues, and needs. Accordingly, an additional hearing was not required (*see Matter of Christyn Ann D.*, 26 AD3d 491, 493 [2006]; *cf. Matter of Jordan Amir B.*, 15 AD3d 477, 479 [2005]). Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.