Appeal by the mother from stated portions of an order of the Family Court, Kings County (llana Gruebel, J.), dated July 8, 2016. The order, after a hearing, inter alia, in effect, revoked an order of suspended judgment of that court dated March 10, 2014, upon determining that it was in the best interests of the subject children to be freed for adoption.
 

 Ordered that the order dated July 8, 2016, is affirmed insofar as appealed from, without costs or disbursements.
 

 In its petitions, the foster care agency alleged that the four subject children were permanently neglected by the mother and sought the termination of her parental rights. The mother thereafter made an admission that she permanently neglected the children and stipulated that the agency had made diligent efforts to strengthen and encourage the parent-child relationships. A suspended judgment was entered for one year, expiring March 9, 2015.
 

 By order to show cause dated October 29, 2014, the agency filed a motion alleging violations of the suspended judgment. The agency alleged that the mother violated the terms and conditions of the suspended judgment by: failing to attend mental health services and follow recommendations for more intensive treatment; failing to obtain a source of income and telling the agency staff that it was none of their business; failing to obtain stable housing and owing rent arrears; failing to make herself available for monthly home visits by the agency; failing to consistently participate in conferences and appointments related to the children; failing to demonstrate appropriate parenting skills at the visits by using profanity and threatening the children; failing to participate in meetings with the agency to discuss her service plan and visitation with the children; and displaying explosive and aggressive behavior when interacting with agency staff. The agency sought the entry of an order committing the custody and guardianship of the children jointly to the agency and the Commissioner of Social Services of the City of New York. By order to show cause dated December 29, 2014, the agency sought an order suspending the mother’s visitation with the children. The Family Court granted interim relief and suspended visitation, pending a combined hearing on the alleged violation of the suspended judgment motion and the application to suspend the mother’s visitation.
 

 The Family Court held a combined hearing which commenced on February 20, 2015, on the violation of the suspended judgment motion filed by the agency on October 29, 2014, and the suspension of visitation application filed on December 29, 2014. The court, after the hearing, in effect, revoked the suspended judgment, determined that it was in the best interests of the subject children to be freed for adoption, and dismissed, as academic, the application to suspend the mother’s visitation.
 

 By enacting Family Court Act §§ 631 (b) and 633, the Legislature vested the Family Court with discretion to give a “second chance” (Matter of Michael B., 80 NY2d 299, 311 [1992]) to a parent of a “permanently neglected child” (Family Ct Act § 611; Social Services Law § 384-b [7]), before terminating the parent’s parental rights (see Matter of Michael B., 80 NY2d at 311; Matter of Arianna I. [Roger I.], 100 AD3d 1281, 1283-1284 [2012]). A suspended judgment may be entered only if it is in the best interests of the child (see Family Ct Act § 631; Matter of Eric Z. [Guang Z.], 100 AD3d 646, 648 [2012]). It is not, however, intended to be indefinite, but only to afford the parent “a brief grace period designed to prepare the parent to be reunited with the child” (Matter of Michael B., 80 NY2d at 311). Upon entering an order of disposition suspending judgment, the court must set forth the duration, terms, and conditions of the suspended judgment (see Family Ct Act § 633 [c]). Even after a suspended judgment is entered, the court may revoke it if, after a hearing, it finds by a preponderance of the evidence that the parent failed to comply with one or more of its conditions (see Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129 [2012]; Matter of Malik S. [Jana M.], 101 AD3d 1776, 1777 [2012]; Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1008 [2012]; Matter of Ricky Joseph V., 24 AD3d 683, 684 [2005]). Moreover, a parent must demonstrate that progress has been made to overcome the specific problems that led to the removal of the child. Mere attempts are not sufficient (see Matter of Darren V., 61 AD3d 986, 987 [2009]; Matter of Jennifer VV., 241 AD2d 622, 623 [1997]).
 

 Here, the Family Court properly found, by a preponderance of the evidence, that the mother failed to comply with at least one of the conditions of the suspended judgment issued in this matter during the one-year term of the suspended judgment (see Matter of Mashlai D.M. [Jalisa R.D.], 110 AD3d 813 [2013]; Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129 [2012]; Matter of Carmen C. [Margarita N.], 95 AD3d at 1008; Matter of Darren V., 61 AD3d at 987). Further, the court properly found that the best interests of the children would be served by terminating the mother’s parental rights and freeing the children for adoption (see Matter of Charle C.E. [Chiedu E.], 129 AD3d 721, 722 [2015]).
 

 In light of our determination, we need not reach the mother’s remaining contentions.
 

 Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.