Appeal from an order of the Family Court, Orange County (Carol S. Klein, J.), entered July 15, 2016. The order, after a hearing, revoked a suspended judgment contained in an order of disposition of that court entered July 27, 2015, upon a determination that the mother had violated the terms and conditions thereof, and terminated her parental rights.
 

 Ordered that the order entered July 15, 2016, is affirmed, without costs or disbursements.
 

 On February 24, 2015, the Orange County Department of Social Services (hereinafter DSS) commenced these proceedings to terminate the mother’s parental rights on the ground that she permanently neglected the subject children. On June 9, 2015, the mother consented to a finding of permanent neglect, and an order of suspended judgment was issued upon certain conditions. Notably, the mother was required to maintain a 100% compliance rate with her substance abuse program and with the Family Support Program. On December 22, 2015, DSS filed an order to show to revoke the suspended judgment, alleging that the mother had failed to comply with the terms and conditions thereof. After a hearing, the Family Court revoked the suspended judgment and terminated the mother’s parental rights. The mother appeals.
 

 A suspended judgment is a dispositional alternative upon a finding of permanent neglect (see Family Ct Act § 631; Matter of Ernesto Thomas A., 5 AD3d 380, 381 [2004]). It affords “a brief grace period designed to prepare the parent to be reunited with the child” and provides the parent “a second chance, where the court determines it is in the child’s best interests” (Matter of Michael B., 80 NY2d 299, 311 [1992]). “The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions” (Matter of Ricky Joseph V., 24 AD3d 683, 684 [2005]; see Matter of Jysier E.K.J.L. [Christina D.L.], 88 AD3d 792, 793 [2011]; Matter of Jahquavius W. [Quanteria H.], 86 AD3d 576, 577 [2011]; Matter of Nicholas S. [Rhonda S.], 78 AD3d 841, 842 [2010]). “ ‘When determining compliance with a suspended judgment, it is the parent’s obligation to demonstrate that progress has been made to overcome the specific problems which led to the removal of the child. Significantly, a parent’s attempt to comply with the literal provisions of the suspended judgment is not enough’ ” (Matter of Jahquavius W. [Quanteria H.], 86 AD3d at 577, quoting Matter of Darren V., 61 AD3d 986, 987 [2009]).
 

 Here, while the mother made some efforts to comply with the conditions of the suspended judgment, the Family Court properly determined that the mother’s discharge from her substance abuse program for “noncompliance,” and her failure to consistently attend and benefit from the Family Support Program, constituted a violation of the terms of the suspended judgment. Moreover, the record supports the court’s conclusion that the mother failed to understand “the full extent of why her children were in care or why they were removed.” Accordingly, the mother failed to demonstrate that progress had been made to overcome the specific problems which led to the removal of the subject children.
 

 The mother’s remaining contentions are without merit.
 

 Accordingly, the Family Court properly revoked the suspended judgment and terminated the mother’s parental rights (see Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1008 [2012]; Matter of Jysier E.K.J.L. [Christina D.L.], 88 AD3d at 793; Matter of Jahquavius W. [Quanteria H.], 86 AD3d at 577).
 

 Austin, J.P., Roman, Sgroi and Brathwaite Nelson, JJ., concur.