Matter of Kaiden L. (Kdaya R.) (2019 NY Slip Op 00277)





Matter of Kaiden L. (Kdaya R.)


2019 NY Slip Op 00277


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-01189
 (Docket No. B-2764-14/15A)

[*1]In the Matter of Kaiden L. (Anonymous). Westchester County Department of Social Services, respondent; Kdaya R. (Anonymous), appellant.


David M. Rosoff, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and David H. Chen of counsel), for respondent.
Lisa F. Colin, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an amended order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered January 10, 2018. The amended order, after a hearing, revoked a suspended judgment contained in an order of the same court entered January 15, 2015, terminated the mother's parental rights, and freed the subject child for adoption.
ORDERED that the amended order is affirmed, without costs or disbursements.
In January 2015, the mother consented to a finding that she permanently neglected the subject child, and a suspended judgment was entered against her on April 2, 2015. Several months later, the petitioner moved to terminate the mother's parental rights, alleging that she had violated the suspended judgment. Following a combined fact-finding and dispositional hearing, the Family Court found that the mother had failed to comply with at least one of the terms and conditions of the suspended judgment, revoked the suspended judgment, terminated the mother's parental rights, and freed the child for adoption. The mother appeals.
By enacting Family Court Act §§ 631(b) and 633, the legislature vested the Family Court with discretion to give a "second chance" (Matter of Michael B., 80 NY2d 299, 311) to a parent of a "permanently neglected child" (Family Ct Act § 611; Social Services Law § 384-b[7]), before terminating the parent's parental rights (see Matter of Michael B., 80 NY2d at 311; Matter of Aliyah S.P. [Sabrina S.P.], 165 AD3d 1149). A suspended judgment may be entered only if it is in the best interests of the child (see Family Ct Act § 631; Matter of Eric Z. [Guang Z.], 100 AD3d 646, 648). It is not, however, intended to be indefinite, but only to afford the parent "a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d at 311). Upon entering an order of disposition suspending judgment, the court must set forth the duration, terms, and conditions of the suspended judgment (see Family Ct Act § 633[c]). Even after a suspended judgment is entered, the court may revoke it if, after a hearing, it finds by a [*2]preponderance of the evidence that the parent failed to comply with one or more of its conditions (see Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129; Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1008; Matter of Ricky Joseph V., 24 AD3d 683, 684). Moreover, a parent must demonstrate that progress has been made to overcome the specific problems that led to the removal of the child; mere attempts are not sufficient (see Matter of Deysanni H. [Deysanna H.], 156 AD3d 699, 700; Matter of Darren V., 61 AD3d 986, 987).
We agree with the Family Court's determination that the mother failed to comply with at least one of the conditions during the term of the suspended judgment (see Matter of Mashlai D.M. [Jalisa R.D.], 110 AD3d 813, 814; Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d at 1129; Matter of Carmen C. [Margarita N.], 95 AD3d at 1008; Matter of Darren V., 61 AD3d at 987). We also agree with the court's determination that the best interests of the child would be served by terminating the mother's parental rights and freeing the child for adoption (see Matter of Charle C.E. [Chiedu E.], 129 AD3d 721, 722).
The mother's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court